## Quigley *et al.* versus DeHaas.

1. Where parties contracted as the agents and for the benefit of a company, but the contract was under their own hands and seals, they were individually liable and an action of covenant was properly brought against them as individuals.

2. A contract had for its object the making navigable a stream; it was one undertaking, though made up of several items; there was one price, though for convenience, because the work was to be paid for as it progressed, it was to be apportioned to the several items; this further stipulation was also contained therein, "that out of the above estimated costs of each of the respective divisions of work, the parties of the first part shall be privileged to retain fifteen per centum until the whole is completed in a satisfactory manner according to contract." *Held*, that this was an entire and not a severable contract.

3. The general rule is that if the part of a contract to be performed by one party consists of several and distinct items and the price to be paid by the other is apportioned to each item to be performed or is left to be implied by law, such contract will be held to be severable, but the conditions stated in this rule will not override the clear intention of the parties, if such intention can be gathered from the whole subject-matter of the contract.

4. Where by the terms of a contract a party named therein was to be the arbiter to determine whether the work was done according to contract, the decision of this arbiter upon the work performed was an indispensable condition to an action for the price of the work unless it was shown he was dead, absent or refused to act, or that the other party to the contract by the acceptance of the work or otherwise had waived his decision.

June 6th 1876. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and WOODWARD, JJ. SHARSWOOD and WILLIAMS, JJ., absent.

Error to the Court of Common Pleas of *Clinton county*: Of January Term 1876, No. 27. Certified from Eastern District.

In the court below this was an action of covenant, brought by John P. DeHaas against A. J. Quigley and Joseph H. Bailey.

The action was founded upon the following agreement:—

"Agreement made and concluded this twenty-third day of August 1871, by and between Joseph H. Bailey and A. J. Quigley, representing the Clinton and Potter County Navigation Co., of the first part, and John P. DeHaas of Curtin township, Centre county,

| 82 | 267 |
| 174 | 471 |
| 82 | 267 |
| 193 | 149 |
| 82 | 267 |
| 200 | 234 |
| 82 | 267 |
| 27 SC | 561 |
| 82 | 267 |
| 36 SC | 350 |

Pa., of the second part, as follows: Witnesseth that the aforesaid Bailey and Quigley, agents for said Navigation Co., agree to pay the aforementioned John DeHaas four thousand dollars and fifty-hundredths, in manner and form hereinafter described, in consideration that the said DeHaas fully execute and perform, according to contract, the following work, viz. :—

" He, the said John DeHaas, shall build in a good and substantial manner, as flood-dams should be built, on such streams, cribbed, sparred, puddle ditched, calked and gravelled, two flood-dams, each twenty feet high, with barn-door-gates and drop-gates ; the chute to be twelve feet wide, and so constructed that the drop-gates will let off the water at least to a sufficient depth below the barn-door-gates as to allow them to close with ease. These gates to be made secure, and arranged with fastenings, so as to be easily opened and closed. These dams to be constructed, first below the twelve-mile· shanty on the Monument branch of Youngwoman's creek, and the other about a mile above on a branch of said Monument branch.

" He also agrees to put a new chute in the old dam at the eleven-mile shanty twelve feet wide, and clean out, crib up and straighten the said creek from the ten-mile shanty at every point where it may need cribbing or straightening or altering its course to the upper dam, a distance of about three miles : And it is also agreed on the part of the said Bailey & Quigley, that they will pay the said DeHaas at the rate of fourteen hundred dollars for each dam, one thousand dollars for cleaning out and cribbing up the creek, and two hundred dollars for the chute in old dam, and in addition fifty dollars for travelling expenses. Out of all the above estimated costs of each of the respective divisions of work they shall be privileged to retain fifteen per cent. until the whole is completed in a satisfactory manner according to contract.

" The drop-gates shall be constructed at the side of the barn-door-gates, with such arrangements for raising as to be done with facility, and also that the chute in the old dam shall be constructed at least seventeen feet wide, instead of twelve feet, as above stated.

" The above work to be paid for as the work progresses from time to time.

" It is also agreed that John M. Mason shall be the judge of whether the work is done according to contract.

" In witness whereof we have hereunto set our hands and seals, this day and year above mentioned.

A. J. QUIGLEY, [SEAL.]
J. H. BAILEY, [SEAL.]
J. P. DEHAAS, [SEAL.]"

Defendants pleaded *non est factum,* covenants performed, *absque hoc.*

The purpose of this agreement was to make navigable the stream

[Quigley v. DeHaas.]

called Youngwoman's creek, so that logs could be floated or driven down its waters to the Susquehanna river and thence to market.

The plaintiff alleged that he had done the work called for in the agreement in accordance with its terms, and sought in this suit to recover the balance due upon the contract.

The defence was that the defendants were not individually liable; that the work was not performed as required by the terms of the agreement and that the plaintiff could not recover until it was shown by John M. Mason, who was the arbiter selected by both parties, that the work had been done according to the contract.

1. Having proven the execution of the contract plaintiffs offered in evidence the agreement between the parties to this action.

Defendants objected, on the ground that the paper offered in evidence was not identical with that described in offer, the paper offered purporting to be a contract or agreement between the plaintiff and defendants as representing the Clinton and Potter County Navigation Co., and as agents of the said company, and not a contract with them in their individual or personal capacity. Objection overruled, evidence admitted, and exception.

2. The agreement being in evidence, it was proposed to show by witness that plaintiff did the work specified in contract in good faith, and that defendants accepted the same and used it for the purposes intended.

Objection, because the only competent witness to prove that the work was done in accordance with contract, was John M. Mason, who was named as sole judge; and unless he proves performance of the entire contract, plaintiff cannot recover. Overruled, evidence admitted, and exception.

3. Also, to prove by witnesses the nature and amount of the work done by plaintiff. Same objection, overruled, evidence admitted, and exception.

4. It was proposed to be shown by a witness that, about the time the work was being finished, John M. Mason came upon the ground with one of defendants and plaintiff to inspect the work, and gave directions as to what was to be done by plaintiff to complete his contract, and that he expressed himself as satisfied with the work, with a few exceptions which were designated by him, and the plaintiff immediately had the work done as directed.

Objection that offer is vague, not specifying what directions were given, what language used by Mason, what exceptions made by him; that, not being a party to the contract, his declarations were not admissible, and that Mason himself was in court, and that he is the proper witness to prove these facts. Overruled, evidence admitted, and exception.

5. It was proposed to prove by plaintiff's testimony what directions Mason gave him in relation to the work, and that these directions were complied with.

[Quigley *v.* DeHaas.]

Objection that defendants not being present, the alleged conversation between plaintiff and Mason is not evidence to affect them, and that Mason was not empowered to give directions as to what work was to be done. Overruled, evidence admitted, and exception.

Defendants made the following offers of evidence:—

1st. The Act of Assembly incorporating the Clinton and Potter County Navigation Company; minute-book showing organization of company; resolution of the company under which Bailey and Quigley were authorized to make a contract for cleaning the stream and putting it in condition for floating logs, to be followed by proof that the contract in evidence was made in pursuance of that resolution.

Objection, excluded, and exception.

2d. To ask defendant Quigley whether, when the contract was made, he did or did not explain to DeHaas the fact that defendants were contracting for the company, or the capacity in which they were contracting with him.

Objection, excluded, and exception.

3d. Bailey, one of defendants, asked to state whether the payments were made under an arrangement with the company and whether they were made for their account.

Objection, excluded, and exception.

Defendants submitted three points:—

First point. That the agreement of the 23d day of August 1871, in evidence, and its supplement of the 6th of September 1871, also in evidence, do not in law import an individual or personal liability or obligation upon the defendants, and that upon said agreements the plaintiff is not entitled to recover against the defendants, and the verdict of the jury should be for the defendants in this action.

Second point. That John M. Mason being the person named in the agreement by the parties, who is to judge whether this work was done according to contract, the plaintiff is bound by the terms of the said contract, and not having shown or proved an award or decision of said judge, or in any manner accounted for his failure to do so, or that the judgment of said John M. Mason was ever sought, refused or obtained, the plaintiff is not entitled to recover, and the verdict of the jury should be for the defendants.

Third point. That John M. Mason having been chosen by the parties as judge whether the work referred to in the contract was done according to contract, there can be no recovery by plaintiff until he has proved by said John M. Mason that he performed his contract full and entire according to the terms thereof; and inasmuch as said John M. Mason was in attendance upon court during the trial of the cause, and was not called as a witness for the plaintiff to prove performance, the plaintiff has failed to make out such a case as would

[Quigley v. DeHaas.]

entitle him to recover, and the verdict of the jury should be for the defendants.

The court answered:—

"The first point is refused and the second and third points are answered as follows: By the terms of the contract between the plaintiff and defendants, John M. Mason was chosen to judge whether the work was done according to contract, and if the evidence does not show that in the judgment of Mason the work was done in accordance with the stipulations of the agreement, the plaintiff is not entitled to recover; but if the jury should believe the testimony of DeHaas, that Mason went upon the work, made an examination of what had been done under the contract, gave directions as to what was yet necessary to be done to make the work satisfactory, we are of the opinion that the requirements of the contract have been satisfied, and that the plaintiff is entitled to recover whatever may be due to him under the contract, if the evidence shows that DeHaas went on in good faith and completed what Mason directed should be done in order to make the work satisfactory."

The court (Mayer, P. J.) charged the jury:—

"But it is contended by the plaintiff that this is not an entire, but a severable contract, and that the plaintiff is entitled to recover the price specified in the agreement for each item of work, if the evidence should satisfy the jury that plaintiff has fully performed that item of work in accordance with the terms of the contract. A careful consideration of the agreement between the parties leads us to the conclusion that this is not an entire, but a severable contract, for the reason that the work to be done by the plaintiff under the agreement consisted of several and distinct items, and the price to be paid by defendants is apportioned to each item of work. For instance, the plaintiff was to build two dams, for which he was to receive $1400 each. He was to clean out and crib up the creek, for which he was to be paid $1000, and he was to put a chute in the old dam, for which he was to be paid $200. The agreement further provides, that the defendants were to retain 15 per cent. out of all the above estimated costs of each of the respective divisions of work. As was said by Justice WILLIAMS, in Lucesco Oil Co. v. Brewer, 16 P. F. Smith 355, 'if the consideration is single, the contract is entire, whatever the number or variety of items embraced in the subject; but if the consideration is apportioned expressly or impliedly to each of these items, the contract is severable.'

["This being our construction of this contract, we say to the jury that DeHaas is entitled to recover the price stipulated to be paid for each of these several items of work, if the evidence satisfies the jury that he has fully performed and completed these several items of work in accordance with the terms of the contract.]

"The agreement stipulates that John M. Mason was to be the

[Quigley *v.* DeHaas.]

'judge of whether the work was done according to contract.' De Haas having undertaken in pursuance of the provisions of the agreement to build the two dams, clean out the stream, crib and straighten it, and also to put in a chute in the old dam, a kind of work which required some skill and practical knowledge, and from the doing of which disputes might possibly arise, it was proper that the parties to the agreement should mutually select some competent person, who should determine whether the several items of work specified in the agreement were being done according to the contract. It was no doubt with this view that John M. Mason was chosen [and, according to our understanding of the agreement, Mason had the right to direct DeHaas in regard to the work and determine whether it was being done according to contract. He had the right to go upon the work while the dams were in process of erection, while the stream was being cleared, cribbed and straightened, and while the chute was being built, for the purpose of determining whether DeHaas was doing the work according to the terms and specifications contained in the contract."]

The verdict was for the plaintiff for $1001.41, and judgment was entered on the verdict.

Defendants took this writ, and their assignments of error were :—

1, 2, 3, 4 and 5, to the admission of plaintiff's evidence in the order of the offers made.

6, 7 and 8. The rejection of defendant's first, second and third offers in their order.

9. The refusal of defendant's first point.

10. Of the second and third points.

11 and 12. The parts of the charge in brackets.

*C. S. McCormick*, for plaintiffs in error.—The plaintiffs in error were not personally liable upon the contract, and the covenants contained therein were those of the corporation : Campbell *v.* Baker, 2 Watts 83 ; Randall *v.* Van Vechten *et al.*, 19 Johns. 60. The original contract provides, "that John M. Mason shall be the judge whether the work is done according to contract," and a mode having thus been ascertained and pointed out in the contract by the parties to determine whether the work was done in accordance with the contract, before the plaintiff can recover he must establish affirmatively in the manner and by the person named therein, that he has substantially performed his part thereof: Monongahela Navigation Co. *v.* Fenlon, 4 W. & S. 205 ; Enniss *v.* O'Conner, 3 Har. & Johns. 163 ; Herdic *v.* Bilger, 11 Wright 60. That the contract was not severable : Fessler *v.* Love & Powell, 7 Wright 317 ; Shinn *v.* Bodine, 10 P. F. Smith 185.

*W. C. Kress* and *Seymour D. Ball*, for defendant in error.— Defendants are individually bound, and they only, even though they

[Quigley *v.* DeHaas.]

are described in the agreement as agents of the company: 1 Chit. Pl. 35; 2 Kent Com. 630, 631; Story on Agency, sect. 269; 1 Story on Contracts, sect. 224; Norton *v.* Herron, 12 E. C. L. R. 511; Tanner *v.* Christian, 29 E. L. & E. R. 103; Meyer *v.* Barker, 6 Binn. 228; Hopkins *v.* Mehaffy, 11 S. & R. 126. Campbell *v.* Baker, 2 Watts 83, cited by plaintiffs in error, is not in point, as the writing in question there was not under seal. This contract is severable: Lucesco Oil Co. *v.* Brewer, 16 P. F. Smith 351.

Mr. Justice Gordon delivered the opinion of the court, October 9th 1876.

This action was well brought against Quigley & Bailey. Though they contract as agents, for the benefit of the Navigation Company, yet they do so under their own individual seals and hence become individually liable: Hopkins *v.* Mehaffy, 11 S. & R. 128, per Gibson, J. So far we agree with the learned judge below, but from his construction of the contract we must dissent. Whether a contract be entire or severable depends more on the intention of the parties as gathered from the whole instrument, than upon the specific method of performance or payment. We have, in the case of Carmalt *v.* Platt, 7 Watts 318, an instance of this manner of construction. By the terms of the contract, Platt agreed, from the lands therein described, to manufacture and deliver to Carmalt, 60,000 feet of white pine boards, for which he was to receive $300. In a subsequent covenant, in the same agreement, Carmalt agreed to sell to Platt certain lands for which Platt was to pay $525, in lumber, at customary prices. At first blush this would appear to be a severable contract; but it was held not to be so. For though, by a strict construction of its terms, it might well bear such an interpretation, yet as it was apparent that it would not have been executed by the parties except as an entire contract, it was held to be entire. The rule as adopted in the case of the Lucesco Oil Co. *v.* Brewer, 16 P. F. Smith 351, from Parsons on Contracts, that if the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such contract will generally be held to be severable, is certainly applicable to contracts such as that which was under consideration in that case. But it is not even intimated that the circumstances therein stated would override the clear intention of the parties if such intention were apparent from the whole face of the agreement. Indeed it is expressly said by the author, by whom the above rule is stated, that no precise rule can be given by which this question, in a given case may be settled, but like most other questions of construction, it must depend upon the intention of the parties as gathered from the whole subject-matter of the contract: 2 Pars. on Cont. 517. In any view, this contract must be taken as entire. It was

1 Norris—18

designed to accomplish a single object, to wit: the navigability of the stream therein mentioned. It was one job, though made up of several items ; there was one price, though, for convenience, because the work was to be paid for as it progressed, it was apportioned to the several items. Even this apportionment must be taken as inseparable from the whole work, for it is more than probable that, for instance, the price of $1400 for building each dam, was a value put upon such dams as part of the whole job, rather than as separate, isolated items ; for the dams would be worth little or nothing with the remainder of the creek unimproved. The parties themselves have, however, put this matter beyond doubt by the following clause in their agreement, to wit: " out of all the above estimated costs of each of the respective divisions of work, Quigley & Bailey shall be privileged to retain fifteen per centum until *the whole* is completed in a satisfactory manner, according to contract." That this provision was designed to secure the proper completion of the whole work is not open to doubt, and if the plaintiff is permitted to recover full price for a partial performance, it is certain that this covenant is, in effect, abrogated. We conclude, therefore, that the court below was wrong in holding the subject-matter of this contract to be severable.

We think also that the court erred in refusing the defendants' second and third points. By the contract John M. Mason was the arbiter who was to determine whether the work was done according to the provisions of that contract. This provision was a reasonable one, designed to prevent controversy, and until the plaintiff procured the judgment of this arbiter he had no action. The cases of Monongahela Nav. Co. *v.* Fenlon, 4 W. & S. 205, and Reynolds *v.* Caldwell, 1 P. F. Smith 298, certainly do hold that, in a case like that above stated, the decision of the arbiter is a *sine qua non* to an action for the price of the work. We find nothing in the evidence which goes to show that Mason, as arbiter, pronounced upon plaintiff's work, or upon any part of it, as a finished job. At best Mason did but advise DeHaas to do certain things which Bailey required to be done, but whether they met his approval when done we are not informed.

We do not say that the plaintiff might not have been excused from producing this judgment or decision by showing circumstances which rendered its production impossible, such as the death or absence of the arbiter on his refusal to act—or that the defendants by the acceptance of the work, or otherwise, waived that part of the contract. But in the absence of such showing the rule as above stated holds good.

Judgment reversed, and *venire facias de novo* awarded.