John Shires, now for use of H. J. Shaylor and G. M. Clark, doing business as Shaylor & Clark, Appellant, *v.* William O'Connor.

*Contract—Entire contract.*

A contract which has for its object " to cut and peel the hemlock timber standing or lying upon certain land, to cure the bark and load it on the cars; to trim and cut the timber into log lengths and to deliver on the banking grounds on or before a given date " is an entire contract. It was one undertaking, though made up of several items; there was one price, though for convenience, because the work was to be paid for as it progressed it was to be apportioned to the several items, and there being a further stipulation reserving ten per centum until the completion of the contract, does not affect the entirety of the contract.

*Contract—Substantial performance—Question for jury.*

The question of substantial compliance with a contract is one for the

jury and the jury was correctly instructed on the modern equitable doctrine, that if there had been substantial compliance with the contract the plaintiff would be entitled to recover if a few items had been overlooked, in the case at bar, if a few trees were left uncut and a limited number of logs were undelivered.

*Measure of damages—Contract—Substantial performance.*

The measure of damages for a partial failure of a contract, if found by the jury to have been substantially performed, is the loss, if any, which the defendant has sustained on that part of the contract work remaining uncompleted.

*Evidence—Offers based on comparisons and opinions inadmissible.*

On a question of substantial performance, evidence is properly excluded which instead of presenting facts from which the jury could judge of the completeness of plaintiff's work contained comparisons with other similar jobs in the neighborhood and the mere opinions of witnesses.

*Practice, C. P.—Refusal to grant exceptions—When not arbitrary.*

A refusal to grant an exception is not arbitrary when based on the following reason given: "We decline to give any more exceptions on this subject. We have already given exceptions that will cover it." It appearing that similar questions were asked other witnesses which upon objection, were ruled out and as to which rulings the court granted exceptions which are not assigned for error.

Argued Feb. 18, 1897. Appeal, No. 34, Feb. T., 1897, by plaintiff, from judgment of C. P. Tioga Co., Sept. T., 1895, No. 557, on verdict for defendant. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit upon contract for cutting and peeling hemlock timber, etc. Before MITCHELL, P. J.

The plaintiff brought suit to recover the balance of about $701 alleged to be due on a contract to cut and to peel the hemlock timber, standing or lying upon a certain tract of land; to cure the bark properly and to load it on the cars; to trim and cut into lengths and to deliver on the banking ground.

The agreement further provided that in consideration of the faithful performance of all the agreements, the party of the first part agrees to pay the party of the second part $3.50 per cord of twenty hundred pounds, purchaser's measure, for the bark, and $3.50 per thousand feet for the logs, payment to be made by the party of the first part each month preceding, reserving ten per cent until completion of the contract when full payment will be made.

The defense was that there had not been a complete and substantial performance of the contract.

The court construed the contract to be an entire one and instructed the jury that there must be substantial compliance therewith to entitle the plaintiff to recover and left the question of such substantial performance to the jury.

Verdict for defendant.   Plaintiff appealed.

*Errors assigned* among others were (10) answer to the defendant's seventh point, which point was as follows: "7. The contract is entire and not severable, and the verdict must be for the defendant unless the jury find from the evidence that the plaintiff has fulfiled the terms thereof.   *Answer:* We must qualify this to correspond with what we have already said to you; that the contract is so far entire as to require a substantial compliance with its terms on the part of the plaintiff before he can recover."

(Assignments one and thirteen related to the same question of the entirety of the contract.)  (2) Answer to the plaintiff's fourth point, which point and answer are as follows: "4. If the jury believe from the evidence that in July, 1894, plaintiff Shires and defendant settled, and that defendant then paid plaintiff in full for all logs and bark before that time delivered, and for a quantity of logs on skidways and that defendant did not then retain, but paid the ten per centum of the price of said logs and bark, which by the terms of the contract he might have withheld, then the court instructs you as a matter of law, that defendant cannot now retain a sum of money equivalent to the ten per cent so paid, from the balance of money if any which the jury may find from the evidence is now due under said contract.   *Answer:* This point as stated generally is refused.   But we say to you that if the plaintiff did substantially complete the job under the contract, that in that case the defendant cannot retain any more of the money unpaid upon the contract than is sufficient to compensate him reasonably for the damages he has sustained by the failure of the plaintiff to complete the job substantially according to the express terms of the contract."

(The third, sixth, seventh, eighth, ninth, eleventh and twelfth assignments raised the same point.)  (4) Answer to plaintiff's sixth point, which point and answer are as follows: " 6. The

measure of damages for a partial failure of performance of the contract in evidence is the loss if any which defendant has sustained on that part of the contract work remaining uncompleted. If work remains to be done under the contract, and the defendant at or within a reasonable time after plaintiff quit work, could have done or hired such remaining work done at the contract price or for a less sum, the defendant has sustained no damage and the jury cannot allow any. *Answer :* We decline to affirm this point precisely as it is stated. But we do affirm it with the qualification which we will interline when it will read as follows : The measure of damages for a partial failure of the contract in evidence is the loss, if any, which the defendant has sustained on that part of the contract work remaining uncompleted. If any considerable work remains to be done under the contract and the defendant at or within a reasonable time could have done or hired such remaining work done at the contract price or a less sum the defendant has sustained no damage and the jury cannot allow any. As qualified we affirm this point. And it is an important point in the case. But before applying the law as stated in this point, it is necessary for the jury to consider all the evidence bearing upon the question as to what timber the plaintiff undertook to peel and how far in fact, he did peel the timber and cut the logs, etc., as the contract requires, and if he failed in peeling and clearing the land as he agreed to only in some unimportant part, of the character we have spoken of, then, the point which we have qualified and stated to you would be applicable. But if you are satisfied from the evidence that he did not thus fully to that extent, that a reasonable exercise of judgment in the business of lumbering would require him to clear the land, then, as I have already said to you, there could be no recovery under the contract for anything at all; because the plaintiff has not performed the contract he has undertaken to perform as the law contemplates he should.

"As there is no dispute under the evidence as to the amount that remains due under the contract for the timber and bark actually delivered after deducting the payments that were made upon the contract by the defendant; I believe there is no dispute that according to the express terms of the contract that amount is substantially as it is laid in the plaintiff's claim which

is $701 and some cents.  I think there is no dispute on that question.  So that it would follow from the application of this point, if you reach the conclusion that the plaintiff, John Shires, and those who worked under him, did not clear off the land he undertook to clear, in the manner we have spoken of, did not substantially comply with this contract, then there could be no recovery even under the rule as stated in this point and as qualified by the court."

(14) In refusing to give the plaintiffs an exception to the ruling of the court in striking out the answers of plaintiff's witness, Ernest Watkins, to questions asked him by plaintiff's counsel, which questions and answers and ruling of the court are as follows : " Q. Now you may state if from your experience and observation as a lumberman, would prudent and proper lumbering have required the removal of those trees from the land, under contract to clear the land of merchantable timber down to ten inches and the bark.  A. With the exception of three trees the job was done as well as any in that country, cleared up as well as any."

Defendant's counsel moved to strike out the answer of the witness as not being responsive to the question, and for the reason it gives a comparison of this job with other jobs, and that is not the question.  The question is, Was this job done in a prudent, careful manner ; would a prudent, careful lumberman have taken off these trees?

By the Court: We think we must strike that evidence out.  The witness did not answer in a proper manner.  We strike out that answer, and the jury must not consider it.

Question read to the witness: A. As I said before, with the exception of those three trees the job was cleaned off, up, in good shape.

By the Court: That answer we think should be stricken out.  It is substantially the same that was formerly stricken out by the court.  It involves an expression of the witness upon the general question which we think is for the determination of the jury and not for the determination of the witness.  The witness may answer only whether or not it was prudent and economical management in lumbering there upon those premises as he had testified he found them.

Counsel for plaintiff ask for an exception.

By the Court: We decline to give any more exceptions on this subject. We have already given exceptions that will cover it.

J. W. *Mather* and *N. H. Ryan*, with him *S. F. Wilson*, for appellant.—The contract was severable and not an entire contract.

The case of Preston v. Finney, 2 W. & S. 53, is authority upon this point, as also Wilhelm v. Caul, 2 W. & S. 26, also Oil Co. v. Brewer, 66 Pa. 351; Morgan v. McKee, 77 Pa. 228; Rugg & Bryan v. Moore, 110 Pa. 236; Gill v. Lumber Company, 151 Pa. 534; 2 Parsons on Contracts, 29–31; Robinson v. Snyder, 25 Pa. 203; Fessler v. Love & Powell, 43 Pa. 313.

The plaintiff contends that when William O'Connor, the defendant, accepted the five thousand and fifteen cords and seven hundred and seventy-nine pounds of bark and paid for it in full, and when he accepted five million seven hundred and sixty-eight thousand eight hundred and twelve feet of logs and paid for them, all but $55.11, he abandoned the strict terms of that part of the contract which provides for the "reserving ten per centum until the completion of the contract," and cannot now go back on that much of the contract, for it is settled and ended. All he could do would be to retain ten per cent upon the balance of the logs undelivered, which principle is well settled in the case of Coal Co. v. Coal Co., 57 Pa. 301.

*Horace B. Packer* and *David Cameron*, for appellee.—The contract was clearly an entire one and the statement of the law by the court below on the question of substantial performance is very liberal to the plaintiff: Pallman v. Smith, 135 Pa. 188.

If an exception had been granted covering these answers, the court was clearly right in refusing another: Com. v. Arnold, 161 Pa. 320.

If none had been granted covering the evidence contained in those answers it was the duty of plaintiff's counsel to so inform the judge and tender him a bill for his examination and signature.

Having failed in this plain duty to the judge as well as to their client, their complaint is without reason. Something must be left to the discretion of the trial judge in granting and

refusing exceptions, otherwise it would be in the power of counsel to impose intolerable burdens on him and prolong trials beyond human endurance. A refusal to grant a bill of exceptions is not assignable as error: Com. v. Arnold, 161 Pa. 320; Patterson v. Kountz, 63 Pa. 246; Morberger v. Hackenburg, 13 S. & R. 26.

The action taken is not the remedy by which the error complained of can be either heard or corrected: Com. v. Arnold, 161 Pa. 320.

OPINION BY BEAVER, J., April 12, 1897:

Shaylor & Clark, the use plaintiffs in this case, sought to recover from the defendant a balance alleged to be due them under a contract under seal between Shires, the legal plaintiff, and O'Connor, under which the former agreed "to peel the balance of the timber standing on the lands of the Blossburg Coal Co. lying between Arnot & Corduroy Road leading to the Long Run Railroad;" "to cut and to peel the hemlock timber standing or lying on above named land down to ten inches in diameter at the stump and up to six inches in diameter at the top," "to cure the bark properly and to load it on the cars of the Long Run Railroad in good order for transportation on or before the 1st day of October, 1893;" "to trim and cut into log lengths and to deliver on the banking ground at upper end of Long Run Railroad on or before the 1st day of April, 1894." Provision is also made in the agreement for the manner in which the logs are to be cut and piled. The agreement provides further: "In consideration of the faithful performance of all the agreements, the party of the first part agrees to pay the party of the second part $3.50 per cord of twenty hundred pounds, purchasers' measure, for the bark, and $3.50 per thousand feet for the logs; all logs to be scaled by the Company's Scaler and by the Doyle rule; payment to be made by the party of the first part each month for the bark and logs delivered the calendar month preceding, except and reserving ten per centum until the completion of this contract, when full payment will be made."

The plaintiff below declared upon this contract, alleging that there was due him upon the entire work the sum of $701.36. The testimony in the case is voluminous. Numerous points were presented by the appellant and the appellee and the assign-

ments of error number fourteen. They relate principally to the answers of the court below to the points of the plaintiff and defendant but resolve themselves into four questions :

1. As to the entirety of the contract. Was it an entire contract or was it severable ?

2. As to the rule of substantial compliance.

3. As to the measure of damages, and

4. As to the refusal of the court to grant exceptions in regard to the testimony of Ernest Watkins.

The first, tenth and thirteenth assignments relate to the question of the entirety of the contract. The court properly held that the contract was entire. Quigley v. DeHaas, 82 Pa. 267, is an authority directly in point. The subject of the contract was the peeling of the bark from the timber upon the lands described in the agreement and the cutting into log lengths and removal of the timber so peeled. Although these items are separately described, they are, nevertheless, part of one entire job. It is true that the appellee agreed to pay a separate price for the peeling and delivery of the bark and the cutting and hauling of the logs, but these prices are to be paid " in consideration of the faithful performance of all the agreements " and as in Quigley v. DeHaas, supra, there is a reservation of " ten per centum until the completion of this contract, when full payment will be made." It was said by Mr. Justice GORDON in the case above cited " that this provision was designed to secure the proper completion of the whole work is not open to doubt and, if the plaintiff is permitted to recover full price for a partial performance, it is certain that this covenant is in effect abrogated."

The appellant had the full benefit of a very liberal holding and fair statement in various forms of the modern equitable doctrine of substantial compliance, leaving as was meet the question as to the fact of such compliance entirely to the jury. The second, third, sixth, seventh, eighth, ninth, eleventh and twelfth assignments of error may all be grouped under this one subject. The court below held in the general charge and in the answers to points that, if there had been substantial compliance with the contract, the plaintiff would be entitled to recover, even if a few trees were left uncut and a limited number of logs were undelivered. The rule laid down in Pallman v. Smith,

135 Pa. 188, was substantially followed by the court below. In that case the court below said: "So in this log contract, if the plaintiff substantially fulfilled his contract by cutting the logs and delivering them substantially as he had agreed to, then he can recover, although there may be a few logs that were not delivered. If they were logs that were covered by the falling of the trees so that they could not be seen at the time of hauling the logs or logs that were covered deep in the snow so that they could not be hauled—even a small amount I mean—that would not be a substantial failure to comply; but, if there was a large amount of logs left on the land and the job was so carelessly and recklessly done that you could see it was only partially done, the plaintiff could not recover at all." This language was approved by the Supreme Court and it is practically what was said to the jury in the present case. The entire question as to whether or not the job was substantially completed or was performed in such a faulty and negligent manner as was contrary to proper and prudent lumbering was fully and fairly submitted to the jury. In the former case the court told the jury that there could be a recovery, subject to a deduction for the actual cost of finishing the job. In the latter case there could be no recovery. What more could the appellant ask, if the contract was entire, as it undoubtedly was?

In case of a recovery, that is, in case the jury found a substantial compliance with the contract, the measure of damages, as laid down by the court in answer to the plaintiff's sixth and seventh points, as contained in the fourth and fifth assignments of error was substantially correct. It is the rule laid down in Sticker et al. v. Overpeck, 127 Pa. 446, and in Gallagher v. Sharpless, 134 Pa. 134.

As to the fourteenth assignment of error, which relates to the testimony of Ernest Watkins, the court was clearly right in striking out the answers of the witness to which objection was made. Instead of facts from which the jury could judge of the completeness of the plaintiff's work, they contained comparisons with other lumber jobs in the neighborhood and the mere opinions of the witness. The refusal to grant an exception was not arbitrary but for the reason, as the court said that "We decline to give any more exceptions on this subject; we have already given exceptions that will cover it." Besides this such a refu-

sal is not assignable for error. An examination of the testimony shows that similar questions were asked other witnesses which, upon objection, were ruled out and as to which rulings the court granted exceptions but which are not assigned for error. The plaintiff, therefore, suffered nothing by the refusal to grant this particular exception.

A careful review of the whole case shows no substantial error of which the appellant can justly complain. The judgment is therefore affirmed.