THE BAKER MANUFACTURING COMPANY v. J. W. FISHER, *et al.*

ORDER OF ARREST; *Bail, When Exonerated.* The bail in an undertaking for a defendant arrested in a civil action, executed under ¿ 159 of the civil code, is exonerated if the order of arrest is erroneously vacated by the district court or the judge thereof on account of the alleged insufficiency of the affidavit upon which the order is issued, and no stay of the order of vacation is granted, as the right to arrest or surrender the defendant given by the statute to the bail as their security is taken away by such vacation and discharge.

*Error from Sumner District Court.*

ON March 16, 1882, *The Baker Manufacturing Company* brought its action against G. W. Knotts and H. Wallace,

partners as Knotts & Wallace, for the recovery of two thousand and nine dollars and sixty cents, upon an account for goods, wares and merchandise. Summons was issued and the defendants were legally served. At the issuance of the summons, an order of arrest was issued in the case, and thereon G. W. Knotts was arrested and held in custody until the execution of a bail-bond, signed by himself and *L. H. Fisher, W. O. Barnett, E. L. Brown, J. W. Fisher,* and *J. R. Messerly,* as sureties; thereupon Knotts was released. On March 22, 1882, the order of arrest was vacated and set aside by the judge of the district court, on account of the alleged insufficiency of the affidavit upon which the order was issued. The judge refused to allow the plaintiff to amend the affidavit, and this ruling was excepted to. The case was then brought to this court by a proceeding in error, and the ruling of the district judge reversed. This court held "that the judge had power to permit the amendment, and under the circumstances ought to have done so; for the affidavit, if not sufficient, certainly showed dishonesty on the part of the defendants." (*Baker Mfg. Co. v. Knotts,* 30 Kas. 356.)

On April 8, 1882, the plaintiff recovered judgment against Knotts & Wallace for the sum of two thousand and seventeen dollars and twenty-four cents, and also for $28.28 costs. On September 29, 1883, in pursuance of the mandate of this court, and by leave of the district court, plaintiff filed an amended affidavit for an order of arrest. On October 5, 1883, the plaintiff sued out an execution upon the judgment, against the person of G. W. Knotts, directed to the sheriff of Sumner county. On November 30, 1883, the sheriff made return upon this order, that he was unable to find Knotts within his county. The amount due upon the judgment at the commencement of this action was two thousand and seventeen dollars and twenty-four cents, with interest from April 8, 1882, at seven per cent. per annum, and costs.

The bail-bond is in words and figures as follows:

"Know all men by these presents, that G. W. Knotts, as principal, —— as sureties, are held and firmly bound unto

the Baker Manufacturing Company in the full sum of four thousand nineteen and 20-100 dollars, to the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, forever. The condition of the above obligation is such, that whereas, the above Baker Manufacturing Company has begun a civil action in the district court of Sumner county, Kansas, against the firm of Knotts & Wallace, for the sum of two thousand and nine and 60-100 dollars; and whereas, the Baker Manufacturing Company has filed its affidavit charging the said Knotts & Wallace with fraud in disposing of their goods and merchandise; and whereas, the above-bounden G. W. Knotts, (member of the firm of said firm Knotts & Wallace,) has been arrested under an order of arrest issued by the clerk of said district court: now, therefore, if judgment shall be rendered in said action against said Knotts & Wallace, said G. W. Knotts will render himself amenable to the process of said court, then and in that event, this obligation shall be null and void; otherwise to remain in full force and effect in law.

Witness our hands, this 16th day of March, 1882: G. W. Knotts, L. H. Fisher, E. L. Brown, J. W. Fisher, W. O. Barnett, J. R. Messerly.

"Approved March 17, 1882.

J. M. THRALLS, *Sheriff.*"

The plaintiff brought its action to recover upon this bond, setting up all the foregoing facts. To its petition the defendants filed a demurrer, alleging that the same did not state facts sufficient to constitute a cause of action. On April 16, 1884, this demurrer was sustained. Thereupon judgment was rendered against plaintiff. It brings the case here.

*Campbell & Dyer*, for plaintiff in error.

*McDonald & Parker*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The question in this case is, whether the bail have been exonerated from the obligation of the undertaking executed by them March 17, 1882. Judgment was rendered against Knotts & Wallace on April 8, 1882, and Knotts, who was released at the time of the execution of the

undertaking, has not rendered himself amenable to the process of the court below. It appears that he cannot be found in Sumner county. If the terms of the undertaking solely, controlled, the bail would be charged; but §§ 168, 169 and 170 of the code are very important in the consideration of this question. These sections are as much a part of the undertaking as if their terms were incorporated therein. Section 168 provides: "That the bail may surrender the defendant to the sheriff at any time before the return-day of the summons in an action against the bail;" and section 169 authorizes the arrest of the defendant by his bail, at any time, for the purpose of surrender. Section 170 further provides: "The bail will be exonerated . . . by his [defendant's] legal discharge, or his surrender to the sheriff of the county in which he was arrested."

On March 22, 1882, the judge of the district court vacated the order of arrest on account of alleged insufficiency of the affidavit upon which the arrest was made. At the time of the vacation of the order of arrest, the plaintiff asked leave to make the affidavit sufficient, by amendment, but leave was refused, the judge holding that he had no power at chambers to grant leave to amend. To this ruling the plaintiff excepted, and on March 20, 1883 — nearly a year after the discharge of the defendant — filed its petition in error in this court to review such ruling. On September 6, 1883, the opinion of this court was handed down, reversing the ruling of the district court, and remanding the case with instructions to the court to permit the amendment of the affidavit. No stay of the ruling of the district court was obtained by the plaintiff, and from March 22, 1882, until September 6, 1883, the bail had no legal right to arrest or surrender the defendant; the sheriff had no right to hold him even for an instant, and had no right to accept his surrender from the bail; therefore the right to arrest and surrender their principal given by the statute to the bail as their security, was by the statute taken away when the defendant Knotts was discharged, on March 22, 1882. The sureties executed the undertaking signed by them, upon

the faith of the provisions of the law that permitted them at any time to arrest and surrender the defendant. The discharge of the defendant, on March 22, 1882, exonerated the bail. At that time the defendant Knotts was entitled to his immediate discharge, and neither the bail nor the sheriff had any custody or control of him. (*Duncan v. Tindall*, 20 Ohio St. 567.)

The judgment of the district court will be affirmed.

All the Justices concurring.