GEORGE C. WHIPPLE

v.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

| 40 | 301 |
| 102 | 2633 |
| 40 | 301 |
| e206s1 | 51 |

*Principal and Surety—Insolvency— Poor Debtor—Discharge—Chap. 72, R. S. 1872.*

1.  When a cause is finally disposed of at one term, a court can not at another term undo what it did at the previous term; but a motion at the term at which the final action was had, continued over, may continue the control of the court over such action.

2.  In an action against a surety upon an appeal bond, given upon the continuance of the hearing upon an application to the County Court for dis

charge from arrest on a *ca. sa.*, this court holds, in view of the evidence, that the condition of the bond had been performed; the principal having appeared and by order of court, been discharged.

[Opinion filed March 13, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. R. W. Clifford, Judge, presiding.

Mr. W. B. Cunningham, for appellant.

Messrs. Willard C. Smith and August Marx, for appellee

Gary, J.  George W. Cooper had been arrested on a *ca. sa.* issued by a justice in a civil suit and applied to the County Court for his discharge under the Insolvent Debtor Act, Chap. 72, R. S. 1872.

Under Sec. 8 he gave a bond for his appearance at a time to which the hearing was adjourned, with the appellant as surety.  The hearing was several times adjourned, and November 22, 1889, nearly eight months after the bond was given, an order was entered by the County Court as follows:

"This day said cause comes on to be heard on the petition of George W. Cooper to be released from arrest, and thereupon comes said George W. Cooper in person and by counsel and said arresting creditor not appearing in person or by attorney, it is ordered by the court that said petitioner, George W. Cooper, be and he is hereby discharged from his said arrest and custody.  That said petitioner is hereby dismissed and that said Cooper go hence without delay."

December 5, 1889, which was still in the November term, the court made this order in the case:

"This day, on motion of said Willard C. Smith, it is ordered by the court that said cause be and is hereby reinstated on the trial calendar of this court."

It probably makes no difference, but the fact appears to be that the appellant had no notice of the latter order, or that the court would be called upon for further action in the case after November 22, 1889.

January 10, 1890, which was in the December term, 1889, the court entered in the cause this order:

" This day said cause comes on to be heard on the petition of said debtor to be released from his said arrest; thereupon comes said arresting creditor by his attorney, and said debtor being three times solemnly called comes not but herein makes default, wherefore on motion of the attorney for said arresting creditor it is ordered by the court that said petition be and is hereby dismissed for want of prosecution and that said petitioner be and is hereby remanded to the custody of the sheriff of this county."

The order of December 5th does not in terms set aside the previous one of November 22d. If it were necessary it might perhaps be demonstrated that the last mentioned order is still in force, and therefore that the order of January 10, 1890, being at another term, was made without jurisdiction, as the cause had been finally disposed of at a previous term. Cook v. Wood, 24 Ill. 295, holding that when a cause is finally disposed of at one term, the court can not at another term undo what it had done, has been approved and followed in a great many cases.

A motion at the term at which the final action was had, continued over, may continue the control of the court over such action. This was first decided in Windett v. Hamilton, 52 Ill. 180, and several times since. People v. Springer, 106 Ill. 542.

The substantial ground, however, for reversing this judgment is that the condition of the bond had been once performed. The principal had appeared, and by order of the court, been discharged.

The bond executed by the appellant, though not so called in the statute, is to all intents a bail bond. Bail and mainpernors are both sureties for the appearance of their principal. The former may, and the latter may not, surrender their principal. The difference between them is explained by Blackstone (Com. Vol. 3, 128) that " bail are only sureties that the party be answerable for the special matter for which they stipulate; mainpernors are bound to produce him to answer all charges whatsoever."

"Bail have their principal always upon a string, and may pull the string whenever they please, and render him in their own discharge." Anon., 6 Modern R. 231.

"When a party is bailed, the bail have a right to go into the house of the principal, as much as he has himself; they have a right to be constantly with him, and to enter when they please, to take him." Sheers v. Brooks, 2 H. Bl. 120.

Under the first section of the act before referred to, the County Court is always in session for business under that act; but if there were any impediment to immediate recourse to the court to take a surrender, the bail could keep the principal in some safe custody, until access could be had to the court. French's Case, 6 Modern R. 247.

Now these common law rights, necessary to the appellant for his own security, were taken from him by the action of the court. Whatever may be the effect of the order of December 5, 1889, there was the period between that and the previous order, during which, if the appellant had touched Cooper against his will, the appellant would have been a trespasser liable to an action as such.

Under circumstances involving the same principle as the present case, in Baker Mfg. Co. v. Fisher, 35 Kan. 659, and in Duncan v. Tindall, 20 Ohio St. 567, the bail were held to be discharged; and see Saffery v. Jones, 2 B. & Ad. 598.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*