L. Goodman v. C. W. Turner.

1. APPELLATE COURT PRACTICE—*Reviewing the Refusal of the Trial Court to Permit Amendments to Pleadings.*—Where the record does not contain the pleadings, the Appellate Court is without authority to consider an assignment, alleging that the trial court erred in refusing to permit an amendment to the pleadings, because of the impossibility of determining whether or not the amendment in question should have been allowed.

2. PRACTICE—*In the Trial Court on Reversed Cases.*—Where a reversal occurs in the Appellate Court, the judgment of the court below, as to the parties to the record, is entirely abrogated, and the cause stands precisely as if no trial had occurred, and it is error in the trial court to deny to the parties the right to a rehearing upon additional evidence.

**Bill of Interpleader.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed May 6, 1901.

**Statement.**—This is the second appeal of this cause, the first appeal having been by the present appellee. On that appeal we reversed and remanded the cause. The concluding part of the judgment is as follows: "It is considered by the court, for that error, and others in the record and proceedings aforesaid, the decree of the Superior Court of Cook County, in this behalf rendered, be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the Superior Court of Cook County for such other and further proceedings as to law and justice shall appertain," etc. The remanding order was filed in the Superior Court July 20, 1900. September 1, 1900, an order was entered in the cause in the Superior Court as follows: "This cause coming on this day to be heard on the motion of L. Goodman for leave to amend his answer herein, and he now presents his amendment, which amendment is in words and figures as follows, to-wit:" (Here follows the proposed amendment.) "The court overrules said motion and denies the said Goodman leave to file said amendment, to which ruling of the court said Goodman, by his counsel, R.

R. Baldwin, excepts. Whereupon said Goodman, by his counsel, moves the court to refer said cause to a master of this court to take evidence and report, which motion is by the court overruled, and to the ruling of the court in that behalf the said Goodman excepts. Whereupon the cause coming on to be heard upon the bill of complaint," etc. Here follows the final decree in favor of Turner and against Goodman for the sum of $1,122.03.

Robert R. Baldwin, attorney for appellant.

J. S. Huey, attorney for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

Appellant's first and second assignments of error are as follows:

" 1.   The court erred in refusing to permit this appellant, L. Goodman, to amend his pleadings."

" 2.   The court erred in refusing to permit this cause to be retried, and in refusing to permit the introduction of evidence deemed competent by this court."

The first assignment we can not pass on, because the record does not contain the pleadings, in the absence of which it is impossible to determine whether or not the amendment which appellant moved for leave to make should have been allowed. The former appeal was from a decree in favor of Goodman, and we held that the evidence was insufficient to sustain the decree. Turner v. Goodman, 90 Ill. App. 339. Therefore the decree was reversed and the cause remanded " for such other and further proceedings as to law and justice shall appertain."

Under the remanding order, the court had power to permit amendments to the pleadings and the introduction of additional evidence. Cable v. Ellis, 120 Ill. 136; West v. Douglas, 145 Ib. 164; City of Paxton v. Bogardus, 188 Ib. 72.

In Cable v. Ellis, *supra*, the court quotes with approval this language from Chickering v. Failes, 29 Ill. 294:

" When a reversal of the decree or judgment occurs, the

judgment of the court below, as to the parties to the record, is entirely abrogated, and the cause then stands in the court below precisely as if no trial had occurred. The case is then transmitted to that court in precisely the same condition, in all respects, as it occupied before the trial in that tribunal."

In City of Paxton v. Bogardus, *supra*, the judgment of the trial court had been reversed and remanded for further proceedings. The trial court, on the cause being redocketed, overruled a motion of the plaintiff to set the cause for trial, and granted a cross-motion of the defendant to enter judgment in accordance with the views expressed in the opinion of the Supreme Court. The Supreme Court held this error, and that the plaintiff was entitled to a trial and to introduce additional evidence, if within its power. It appears from our opinion on the former appeal of this cause, that the cause had been referred to a master to take proofs and report, and that the hearing in the lower court was on exceptions to the master's report. Therefore, when the cause was redocketed in the lower court, if appellant desired to take additional evidence, it was natural that he should make such desire known to the court, by a motion to refer the cause to a master. It is the English practice to refer a cause back to the master, if after he has made his report it appears that additional evidence should be taken (1 Daniell's Ch. Pl. & Pr., 5th Am. Ed., Sec. 1218), and we believe such is the general practice here, although it is doubtless in the discretion of the court whether it will re-refer the cause to the master, or hear the additional evidence in open court. In the present case, the court, by its action, appears to have rendered impracticable the introduction of additional evidence. The case was called up, as appears from the record, on appellant's motion for leave to amend his answer, which was overruled, when he immediately moved " to refer said cause to a master of this court to take evidence and report." The court overruled this motion, and immediately entered a decree against appellant. The denial of the motions for leave to amend the answer and to refer the cause to a master, and the final decree against appellant, are all contained in a single order. As before stated, the cause was called

up on appellant's motion to amend his answer, and he could not well have anticipated that immediately on that motion and his motion to refer being denied, the court would proceed to a final decree, without giving him any opportunity of producing witnesses in open court, in case the court should elect to hear additional evidence in that way. We think the action of the court in the premises equivalent to a denial of appellant's right to a rehearing on additional evidence, and we are inclined to the view that the court actually intended to exclude the taking of additional evidence.

The decree will be reversed and the cause remanded.