The People, etc., for the use of, etc., v. Carrie B. Hathaway.

1. APPELLATE COURTS—*Binding Force of Erroneous Judgments.*— Where the Appellate Court has jurisdiction of the subject-matter in controversy, on appeal its judgment, however erroneous, is binding upon the parties to such appeal.

The People v. Hathaway.

2. BAILORS—*Power to Arrest Their Principal.*—Bailors for the personal appearance of a person arrested upon a capias ad satisfaciendum become, in effect, the custodians of such person, and can take him anywhere, and at any time surrender him to the sheriff. Such is, under the law, a condition of the obligation, and a security by which they may save themselves from loss.

3. SAME—*When the Obligation is Discharged.*—When by the order of the County Court a person under arrest upon a capias ad satisfaciendum is discharged, although erroneously so, and is no longer in the custody of any one, neither his bailor nor the sheriff can hold or restrain him from going where he chooses; the obligation of his surety is at an end.

**Petition for a Discharge,** under the insolvent act. Error to the Circuit Court of Cook County; the Hon. ORRIN N. CARTER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

**Statement.**—William C. Furman was arrested on a capias ad satisfaciendum issued upon a judgment obtained against him in the Circuit Court of Cook County by E. S. Masterson for $400 and costs. Furman sought to be discharged by petition filed in the County Court under the insolvency act, offering to schedule all of his assets, and claiming that malice was not the gist of the action.

Pending the hearing of his petition the County Court admitted him to bail, and on the 5th of July, 1899, the defendant in error, Carrie B. Hathaway, became his surety, and he was released from custody pending a hearing of his petition.

The condition of the bond of defendant in error is that Furman shall appear before the County Court on the 6th day of July, 1899, at ten o'clock in the forenoon, and from day to day thereafter until said matter shall be finally disposed of by said court, and shall make an assignment and surrender his assets if required; and if not required to make assignment, shall surrender himself to the officer into whose custody he may be ordered by the court, and abide the order of the court.

The hearing of the petition was continued from day to day until the 26th of July, 1899, when the County Court found that malice was not the gist of the action wherein

the capias was issued, and ordered that Furman be discharged from arrest and custody. Thereupon, and by the same order, Masterson, the creditor, appealed from that order. Appeal was allowed on his filing on or before September 12, 1899, a bill of exceptions and bond in the penal sum of $250, with sureties thereon to be approved by the court.

The 11th day of September, 1899, on the motion of Masterson, it was ordered that the time for him to file a bond and bill of exceptions be extended ten days. The 20th of September, 1899, the appeal bond of Masterson was approved and filed. The Appellate Court, upon hearing the appeal, found that malice was the gist of the action and reversed the order of the County Court, and the 19th of June, A. D. 1900, the cause was redocketed in the County Court, and upon due notice to Furman an order was entered that the body of William C. Furman be remanded to the custody of the sheriff of Cook county in accordance with the writ of capias ad satisfaciendum, which writ was set out in the order; and it was further ordered that Furman surrender himself into the custody of the sheriff of Cook county, Illinois, instanter.

The 27th day of June, A. D. 1900, defendant in error filed in said cause her petition, setting forth substantially the foregoing. The petition further states that Furman was, on the 19th day of July, 1899, discharged in bankruptcy, and prays that *exoneretur* be entered in accordance with paragraph 24 of chapter 16 of the Revised Statutes of Illinois, and prays that such *exoneretur* may be entered upon the records of the court; that an order may be entered discharging her from liability under her bond, and for such other relief as to the court may seem meet and proper.

An answer was filed and a hearing had on said petition, and the 27th of June, A. D. 1900, the prayer of defendant in error's petition was denied, and she prayed an appeal from said order which she did not perfect.

Demand having been made of Carrie B. Hathaway to surrender the body of William C. Furman or pay the amount

The People v. Hathaway.

of the judgment against him, and she having refused to do either, thereupon suit was brought upon the bond given in the County Court on the 5th day of July, A. D. 1899.

Plaintiff in error contends that Carrie B. Hathaway applied to the County Court to discharge her from the bond she had given; and that the County Court decided the matter against her; that that order has never been reversed, and therefore the question of her right to discharge and her liability under the bond is now *res adjudicata*, and she can not have a second hearing on the same matter in this court.

Plaintiff in error also contends that the condition of the bond has not been performed, and that Carrie B. Hathaway is liable, irrespective of the question of former adjudication.

The defendant in error contends that the question of the liability of the defendant in error on the bail bond sued upon is not, by reason of the denial of her petition praying that an *exoneretur* be entered thereon in the County Court, *res adjudicata*.

And " that E. S. Masterson, the respondent to the petition of the arrested debtor, Furman, for release under the insolvency act, did not follow the mode provided for taking an appeal laid down in section 26 of chapter 72, Revised Statutes of Illinois; that therefore the Appellate Court never acquired jurisdiction of the cause, and its reversal of the judgment of the County Court and the subsequent redocketing of the cause in the County Court by its order was therefore invalid and void; that the failure to follow the mode laid down for taking an appeal from the judgment of the County Court in section 26 of chapter 72, Revised Statutes of Illinois, prejudiced the rights of the surety and thereby discharged her; and that by the appearance of Furman in court on July 26, 1899, the condition of the bond was performed."

The County Court found the issues and rendered judgment for the defendant.

MASTERSON & HAFT, attorneys for plaintiff in error.

LOWDEN, ESTABROOK & DAVIS, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

To the appeal to this court, taken July 26, 1899, E. S. Masterson and William C. Furman were parties; this court took jurisdiction of such appeal and entered judgment therein. Neither of the parties to said appeal can now question the jurisdiction therein of this court over the parties thereto; nor under the pending writ of error, validity or judgment of this court entered upon such appeal.

The court had jurisdiction of the subject-matter, and its judgment, however erroneous, is binding upon the parties to the appeal.

The particular method followed in beginning a suit or in taking an appeal is of little consequence provided the defendant or appellee come into court and acknowledge the jurisdiction thereof.

The condition of the bond was that Furman appear from day to day until "the matter shall be finally disposed of by said court." The matter was not finally disposed of by the County Court July 26, 1899; its order that day entered was, upon appeal, reversed by the Appellate Court, and thereafter stood as if it had never been made. Schuman v. Helberg, 62 Ill. App. 218; Goodman v. Turner, 94 Ill. App. 530; Chickering v. Failes, 29 Ill. 294–303; Cable v. Ellis, 120 Ill. 136.

The cause was, after the reversal of the order of July 26, 1899, redocketed in the County Court and it properly entered an order remanding the body of Furman to the custody of the sheriff. This writ of error being from a judgment rendered for William C. Furman, the defendant, in a suit brought upon the aforementioned bond signed by Carrie B. Hathaway, as surety for the appearance of William Furman, what was the effect upon her obligation of the discharge of Furman by the County Court?

Bailors for the personal appearance of one who has been arrested become, in effect, the custodians of their principal, and can take him anywhere and at any time surrender him

to the sheriff.   Such is, under the law, a condition of the bond, and a security by which they may save themselves from loss.   Whipple v. The People, 40 Ill. App. 301.

When by order of the County Court, Furman was discharged, he was no longer in the custody of any one; neither Mrs. Hathaway nor the sheriff could then hold or restrain him from going where he chose; the obligation of his surety thus came to an end.   Ingersoll v. Strong, 9 Met. 447; Lockwood v. Jones, 7 Conn. 431.

Had the creditor upon the making of the order of discharge filed, instanter, the bond required to make the appeal effective, so that there had been no interval in which Furman could have escaped, a different question would have been presented.   As it is there was an interval of weeks during which the order of discharge was in full force, not suspended by appeal.   Williamson v. Gale, 4 Gratt. (Va.) 180–183.

The reversal of such order does, as to Furman, make it as if it had never been; the question of the right to re-arrest him is not before us, but Mrs. Hathaway, while having an interest in, was not a party to, the proceeding under which Furman was discharged.   Her obligation having come to an end, is not revived by the judgment of reversal, on appeal, rendered by the Appellate Court, to which appeal she was not a party.

In Mrs. Hathaway's petition to have an *exoneretur* entered in accordance with section 24 of chapter 16 of the Revised Statutes, the only question presented to the court was her right under said section.   It was therein adjudged only that she was not for that cause entitled to an *exoneretur*.   Other questions involved in the present case were not, upon her petition, before the court.

The judgment of the County Court is affirmed.