The People of the State of Illinois for Use of Charles L. Seaman, Appellant, v. Annie Tawney and Elinore Wood, Appellees.

## Gen. No. 38,101.

Heard in the first division of this court for the first district at the April term, 1935. Opinion filed June 17, 1935.

Louis Jaffe, of Chicago, for appellant; Hershenson & Hershenson, of Chicago, of counsel.

John A. Bloomingston, of Chicago, for appellees; Stacy W. Osgood, of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

In an action apparently based on two bonds executed by Annie Tawney and Elinore Wood, there was a judgment that plaintiff take nothing by the suit, and from that judgment plaintiff has appealed. The facts are not in dispute.

On December 1, 1933, Seaman recovered a judgment for $1,500 and costs against Elinore Wood in the superior court of Cook county. Upon this judgment a *capias ad satisfaciendum* was issued against Elinore Wood and she was taken into custody by the sheriff. Elinore Wood thereupon filed her petition in the county court under the Insolvent Debtors' Act, Cahill's St. ch. 72, praying that she might be discharged. Later she filed her bond to the People in the sum of $3,000, conditioned that she would appear before the county court on December 19, 1933, and from day to day and would surrender herself to the officer into whose custody she might be directed by the court and abide the order of the court.

February 16, 1934, the court heard the petition and found that malice was the gist of the action, wherein the judgment was obtained, and entered an order remanding petitioner to the sheriff. She was again taken into custody by the sheriff and remained in his custody until February 20, 1934, when she prayed an appeal to this court from the judgment of the county court; she filed in that court her bond to Charles L. Seaman in the sum of $2,000. The bond recited the judgments of the superior court and county court and was condi-

tioned that if Elinore Wood would prosecute her appeal with effect and in case the appeal was dismissed, or the order or judgment of the county court affirmed, she would perform the same and would appear before and abide by whatever decision the Appellate Court should make in the premises; that she would not sell or dispose of any of her estate; then the obligation was to be void, otherwise to remain in full force and effect.

June 29, 1934, her appeal to the Appellate Court was dismissed and the cause was remanded to the county court. July 12, 1934, the remanding order was filed in the county court directing a *procedendo* to issue on due notice to Elinore Wood's attorney. Elinore Wood has not since July 12, 1934, surrendered herself in open court nor to the sheriff of Cook county, and the sheriff has not as yet taken her into custody and is unable to locate her. It appears that on June 25, 1934, four days before the appeal was dismissed in the Appellate Court, Annie Tawney as surety on the bond surrendered the body of Elinore Wood to the sheriff of Cook county, who accepted the surrender and took her into custody. On the same day, June 25th, while in his custody she filed her petition for writ of habeas corpus before Hon. Stanley Klarkowski, one of the judges of the circuit court who after a hearing thereon, on June 28, 1934, entered an order discharging her. The amount of the judgment and costs against Elinore Wood and in favor of Charles L. Seaman is $1,650.

In *Whipple v. People,* 40 Ill. App. 301, Judge Gary said that a bond given in such case as this was to all intents a bail bond, and citing Blackstone, also declared, "Bail have their principal always upon a string, and may pull the string whenever they please, and render him in their own discharge," and "When a party is bailed, the bail have a right to go into the house of the principal, as much as he has himself; they

have a right to be constantly with him, and to enter when they please, to take him." In *People v. Hathaway,* 206 Ill. 42, which was also a case under the Insolvent Debtors' Act, the Supreme Court of this State said:

"The obligation of the bail in this class of cases is to produce the principal before the court upon demand, and at any and all times surrender him up in accordance with its mandates. But this obligation is one of which the bail may be relieved at any time by a voluntary surrender of the principal. In contemplation of law the principal is in the custody of his bail, who may take him where he pleases, and detain him or surrender him in court into the custody of the sheriff who has process against him, or, if the bail concludes his principal meditates flight, or for any reason desires no longer to be held responsible for the appearance of the principal, he may cause him to be imprisoned in the common gaol of the county and thus exonerate himself from his obligation."

That the rights of bail to secure their discharge in this respect are the same in criminal as in civil cases is held in *Taylor v. Taintor,* 16 Wall. (U. S.) 366, 21 L. Ed. 287. Again, in *Keyes v. Bennett,* 218 Ill. 625, our Supreme Court said:

"Upon the execution of the bail bond said Chewning became the prisoner of the bail, who had legal authority to keep the principal in his custody and terminate his liability at any time by surrendering his prisoner to the court or to the sheriff. . . . The right of custody and the power to seize and surrender his principal is an incident of the relation of bail and principal, and when the right of the bail to seize and surrender his principal has been taken away by the discharge of the principal from all liability to pay the debt which the bail bond was given to secure, the relation of bail and principal is at an end as is also the liability of the bail."

In *Crane v. Shaw*, 13 Mass. 213, the Supreme Court of Massachusetts said:

"In contemplation of law the principal is always in the legal custody of the bail. They may at pleasure bring him within the precinct of the officer holding the execution and offer him to the officer to be taken." To the same effect are *People v. Paulsen*, 146 Ill. App. 534; *Florence v. Shumar*, 34 N. J. L. 455, 460. We hold that by delivering Elinore Wood to the custody of the sheriff of Cook county, the bail in this case was exonerated, and that the judgment in favor of defendants was right. Moreover, neither bond was conditioned to pay the judgment plaintiff obtained in the superior court and for which he sought to recover in this case. Under no circumstances could he recover that amount.

The judgment is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.