LESTER UNDERWOOD

*v.*

GEORGE H. WEST.

1. RESCISSION OF CONTRACTS—*placing the parties in statu quo.* Where parties have exchanged lands, and one of them seeks to rescind the contract, on the ground of fraud, he must restore, or offer to restore, to the other

party the property received, before he can properly demand a return of that which he gave in exchange.

2. And so, where the party seeking to rescind, has retained the possession of a portion of the lands received by him in the exchange, he will not be permitted to rescind without accounting for the rents and profits.

3. SAME—*and herein of a purchaser buying in an outstanding title.* A party who has exchanged lands with another, and agreed to pay off a mortgage to a third person, upon the lands he was to receive, and is seeking a rescission in a court of equity, upon the ground of fraud, he can not avoid the rule that he must restore to the other party that which he received from him, by permitting a foreclosure of such mortgage, and buying in the title under the foreclosure, for his own benefit. Whatever might have been his right to purchase in the outstanding title under the foreclosure, had he restored the property to the other party, he could not do so while in under his purchase, and still recover back the property he gave for it.

4. SAME—*and herein of giving compensation instead of rescinding—rights of purchasers pendente lite.* In this case, the bill filed for a rescission was dismissed upon a hearing, and the complainant appealed. He had not restored the lands he had received in the exchange, but continued in the possession and use of them. Pending the appeal a third person purchased from the defendant one of the tracts conveyed to him by the complainant, for a valuable consideration. The original decree of dismissal was reversed on the appeal, and upon a second hearing below the defendant brought into court the amount paid by the complainant to secure the title to a portion of the property he was to receive in the exchange, but which the defendant did not own, and, in reference to the title to which the latter had made fraudulent representations, for which the rescission was sought: *Held,* the court properly refused to decree a rescission of the contract, but requiring the complainant to receive the money tendered, as a settlement of all the equities between the parties. While the purchaser *pendente lite* could not claim protection 'as such, yet his position gave force to the fact that the complainant had not offered to place the defendant in *statu quo,* and equity favors compensation, when the law permits it to be made.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This case was before this court at the April term, 1867, and will be found reported in 43 Ill. 403, where a full statement of the case, as presented at that time, will be found. The additional facts appearing on the second hearing below will be found in the opinion of the court.

Mr. D. P. Jones, for the appellant.

Mr. B. C. Cook, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This cause was previously before this court, and is reported in 43 Ill. 403. The decree was then reversed and the cause remanded. Before another hearing in the court below, one Lewis McEwen interpleaded, and it appears that, after the dismissal of appellant's bill on the first trial, and before the case was previously removed to this court, he had purchased the eighty acres of land conveyed by appellant to appellee; that appellee had tendered and brought into court two hundred and fifty dollars, the price appellant had paid for lots six and ten on a purchase thereof from another person. On the hearing in the court below, a decree was rendered, refusing the relief sought, except that appellant should receive the money tendered, and recover his costs.

It also appears that appellant went into the possession of the city property received in exchange by him, and that he has been in the actual occupancy of it ever since; that he had not offered to restore the possession, or to account for the rents or profits. The rule of law applicable to such cases is, that the party wishing to rescind should restore, or offer to restore, to the other party the property received in exchange before he can demand a return of what he has given in exchange.

A court of equity would not permit appellant to retain the property he has purchased, for a period of years, to use and occupy it, without accounting for the rents or profits, and still recover back the property given in exchange.

He should, as he refused to accept the deed from West, have surrendered possession of the Fox River House, or at least offered to surrender the possession, and account for the rents and profits, or recoup the damages he had sustained by the failure of West to convey all the lots he had sold,

when he filed his bill. He, it is true, refused to receive the deed from West, because it failed to convey all of the lots embraced in the agreement, but he should, in addition, have restored the possession of not only those, but the others. This was necessary to render the rescission complete. He had agreed to remove the mortgage on the property in favor of Delano. Having refused to receive the deed of West, he bought the property of the purchaser under a foreclosure of that mortgage.

Thus it appears that he repudiated the exchange of the property, retained possession, and purchased in a title acquired by the foreclosure of a mortgage he had agreed to pay, and attempted to get back the title to the land he had conveyed to West. This is not fair or just. Had he restored the property to West, and the foreclosure had occurred, it may be that he could then have purchased in the outstanding title, but not while he was in under his purchase, notwithstanding he had filed a bill to rescind the contract.

Again, McEwen shows that he was a purchaser for a valuable consideration paid to West for the land. It is true, it was while the appeal was pending, but he seems to have had no actual notice, and while this fact would not, of itself, be sufficient ground to refuse the relief sought, as he purchased *pendente lite*, still it lends force to the fact that appellant failed to surrender the possession of the property received in exchange. Appellant had not fully rescinded, and hence McEwen may have been mislead, seeing him still retaining possession. At any rate, appellant is not in the same position to insist upon McEwen restoring the property to him, as though he had abandoned the property.

When relief can be afforded in either of two modes, the court may choose either that effects complete justice. In this case, the decree of the court below has chosen that by which compensation is made instead of a rescission, and by the decree complete justice has been done. Appellant has acquired all the property for which he contracted, has had its continuous

use, and it has cost him no more than he agreed to pay. By it West has received the land in exchange for the property he conveyed, and McEwen has suffered no loss. Had appellant fully rescinded, it might have been that he could have enforced a re-conveyance under the law, notwithstanding courts of equity favor compensation, when the law permits it to be made.

As to the question of costs, that is, under our statute, a matter of discretion with the chancellor trying the cause. See section 15 of the chapter entitled "Costs" (Gross' comp.). This decree for costs was rendered on a hearing, and brings it within the discretion of the chancellor, and with the exercise of that discretion we are not inclined to interfere. The decree of the court below is affirmed.

*Decree affirmed.*