| 193 | 147 |
| 24 SC | ²496 |
| 25 SC | ¹ 27 |
| 193 | 147 |
| 31 SC | ¹267 |
| ·193 | 147 |
| 32 SC | ¹410 |

M. D. Easton and A. D. McQuinn to use of M. D. Easton, Appellant, v. L. M. Jones.

*Contracts—Entire and several contracts—Intention.*

The entirety of a contract depends on the intention of the parties and not on the divisibility of the subject. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract when that is shown.

There is nothing to prevent parties even in entire contracts from agreeing to partial payments pending the full performance.

Plaintiff agreed to sell to defendant 800,000 feet of lumber, the defendant to pay " the sum of $7.25 per thousand feet when loaded on cars." Plaintiff delivered 284,000 feet of lumber on the cars. He excused his failure to deliver the full amount by alleging a rescission of the contract because defendant failed to make the payments due. It also appeared that plaintiff had sold over one half of the lumber covered by the contract to another party, and thereby disabled himself from fulfilling his agreement. He, however, alleged that this sale was with defendant's consent. *Held,* (1) that the question of the rescission of the contract was for the jury; (2) that the question as to whether the defendant had consented to the sale to the other party was for the jury; (3) that if the sale to the other party was before the rescission, and without defendant's consent, the contract was so far entire that plaintiff could not recover on it at all.

Argued May 2, 1899. Appeal, No. 164, Jan. T., 1899, by plaintiff, from order of C. P. Potter Co., June T., 1897, No. 202, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a contract. Before MORRISON, J.

At the trial it appeared that the contract was in substance as follows : Easton agreed to sell Jones 800,000 feet of hemlock lumber. Easton was to saw it, pile it, and season it according to certain specifications; it was then to be delivered on the cars at a specified point, as fast as Jones directed ; the whole amount to be put on the cars within one year from the time of sawing. For this Easton was to receive the sum of $7.25 per thousand feet for all lumber . . . . when loaded on the cars.

Plaintiff delivered 284,000 feet, for the price of which he brought this suit. He excused his failure to deliver the remainder by alleging that he had rescinded the contract because

defendant failed to make the payments due.   It appeared from plaintiff's own evidence that he had sold over one half of the lumber covered by the contract to another person, but he alleged that this sale was with defendant's consent.

The court entered a compulsory nonsuit, saying :

This appears to be an entire contract, and the plaintiff cannot sue upon it without showing a compliance with his contract, or a waiver of entire compliance by the defendant; and there is no allegation in the declaration that the defendant ever waived an entire compliance with this contract.

The court subsequently refused to take off the nonsuit.

*Error assigned* was refusal to take off nonsuit.

*A. S. Heck*, with him *Peck & Stone*, for appellant.—The entirety or severability of a contract is determined, inter alia, by the apportionment of the consideration to the items : Lucesco Oil Co. v. Brewer, 66 Pa. 351; Rugg & Bryan v. Moore, 110 Pa. 236 ; Quigley v. DeHaas, 82 Pa. 267 ; Gill v. Johnstown Lumber Co., 151 Pa. 534 ; Miller v. Blessing, 41 Leg. Int. 253 ; McLaughlin v. Hess, 164 Pa. 570.

The intention of the parties is to be gathered from the whole instrument and the subject-matter of the contract : Pratt v. Campbell, 24 Pa. 184.

The acts and declarations of the parties under the agreement are to be given weight in determining equivocal words and expressions in the contract: Fessler v. Love & Powell, 43 Pa. 313 ; Greenwalt v. Born, 3 Yeates, 6 ; Mining Co. v. Jones, 108 Pa. 55.

*John Ormerod*, of *Dornan & Ormerod*, for appellee.—The fact that the subject of a contract is sold by weight, or measurement, and the value is ascertained by the price according to weight or measurement, will not render the contract severable : Mining Co. v. Jones, 108 Pa. 55 ; Pallman v. Smith, 135 Pa. 189 ; Shinn v. Bodine, 60 Pa. 182 ; Harris v. Ligget, 1 W. & S. 301 ; Shaw v. Badger, 12 S. & R. 275 ; Fessler v. Love & Powell, 43 Pa. 314 ; Quigley v. DeHaas, 82 Pa. 267.

OPINION BY MR. JUSTICE MITCHELL, October 6, 1899 :

After very elaborate specifications of what was to be done

by the plaintiff, the contract between the parties provides that
in consideration thereof the defendant is to pay "the sum of
seven dollars and twenty-five cents per thousand feet . . . .
when loaded on cars as above stated." Language could not
be more explicit or show more clearly the intention of the par-
ties. It meets exactly the suggestion of SHARSWOOD, J., in
Shinn v. Bodine, 60 Pa. 182, "what would have been simpler
than to have said each cargo to be paid for on delivery, if that
had been the intention of the parties?" Whether the contract
was technically entire or severable is of comparatively little im-
portance, for no classification of the contract can be permitted to
defeat the intent of the parties. The distinction itself between
entire and severable contracts is based on the difference in in-
tent. As said in Shinn v. Bodine, supra, "the entirety of a
contract depends on the intention of the parties, and not on
the divisibility of the subject. The severable nature of the
latter may often assist in determining the intention, but will
not overcome the intent to make an entire contract when that
is shown." See also Quigley v. DeHaas, 82 Pa. 267. The
rule adopted in Lucesco Oil Co. v. Brewer, 66 Pa. 351, and the
cases which have followed it, was in aid of the discovery of
the intent.

The contract in the present case, in its general features, is
entire. A substantial failure to perform the whole without
legal excuse would prevent the plaintiff from recovering at all,
except upon showing compliance with the specific agreement
as to times and conditions of payment. But as to this fea-
ture the contract partook of a severable character. That it
may have such double aspect is illustrated by Gill v. Johnstown
Lumber Co., 151 Pa. 534, where it was held that a contract to
drive logs to defendant's boom was severable as to the pay-
ment for the number and kinds of logs delivered, but was
entire as to the delivery of each log, and there could be no re-
covery for logs that had only been driven part way to the boom
or for those that had been carried to and through it by the
great flood of 1889, the Court likening the contract in this re-
spect to that of a common carrier whose right to compensation
is dependent on delivery at the designated place, and who can-
not recover pro tanto for carriage over part of the route. There
is nothing to prevent parties, even in entire contracts, from

agreeing to partial payments pending the full performance, and that is what was done in the present case. The agreement in this respect is very analogous to the familiar cases of contracts for building. There can be no question that in nearly all of such cases the contract is entire, yet nearly all provide for advances or payments at stipulated stages of the work, the avowed object being to enable the contractor to complete the whole. While plaintiff's failure in ability or intention to complete the work will be a good defense, even to an action for a payment stipulated to become due on a state of progress shown to be reached, yet a refusal to pay such an instalment without that or other legal excuse is such a breach of the contract as will justify a rescission, and entitle the plaintiff to recover pro tanto for the work done. This was expressly decided in Rugg et al. v. Moore, 110 Pa. 236, a case very similar in its general features to the present.

The appellant claimed to recover for 284,000 feet of lumber delivered on the cars. His contract was for 800,000 feet, and he excused his failure to deliver the full quantity by alleging a rescission of the contract because defendant failed to make the payments due. On this he should have been allowed to go to the jury. It appeared also by plaintiff's own testimony that he had sold over one half the lumber covered by the contract to one Crandall, and thereby clearly disabled himself from fulfilling his agreement. If he did this before the rescission and without defendant's consent, the contract was so far entire that he could not recover on it at all. He, however, claimed that the sale to Crandall was with defendant's consent, and therefore this was also a question for the jury.

Judgment reversed and procedendo awarded.