(May 28, 1915.)

## JOHN HUBER, Respondent, v. BLACKWELL LUMBER COMPANY, Appellant.

[148 Pac. 903.]

LOGGING CONTRACTS—DUTY OF CONTRACTOR TO PROVIDE MEANS OF PER-
FORMANCE—DIVISIBLE CONTRACT—PARTIAL PERFORMANCE.

1. It is the duty of one who contracts to deliver logs, in the absence of a provision in the contract to the contrary, to provide all necessary means, including roads and rollways, to enable him to complete the delivery.

2. A party who has failed to perform his contract in full to deliver logs may recover compensation for the logs delivered according to the contract price, less damages occasioned by his failure to complete the contract.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.  Hon. John M. Flynn, Judge.

Action on contract.  Judgment for plaintiff.  *Affirmed.*

John P. Gray and Frank McCarthy, for Appellant.

Under the terms of the contract, it was the duty of respondent to supply all means and appliances necessary to prosecute the work and to deliver the logs along camp 4 spur on or before Nov. 1, 1912, and the law will presume that the supplying of such appliances was a part of the contract price and covered thereby.  (*Godkin v. Monahan,* 83 Fed. 116, 27 C. C. A. 410; *Gabrielson v. Hague Box & Lbr. Co.,* 55 Wash. 342, 133 Am. St. 1032, 104 Pac. 635.)

Under the form of action which the respondent brought, under his proof and under the issues he could not recover under *quantum meruit* for the work done by him, for where a contract is entire and one party not in default is willing to complete its performance, the other party who abandons the contract or refuses to perform cannot recover on the contract or on the *quantum meruit* the value of the labor he has expended in its partial performance.  (*Naylor v. Adams,* 15 Cal.

App. 548, 115 Pac. 335; *Johnson v. Fehsefeldt*, 106 Minn. 202, 118 N. W. 797, 20 L. R. A., N. S., 1069; *Galvin v. Prentice*, 45 N. Y. 162, 6 Am. Rep. 58; *Cohn v. Plumer*, 88 Wis. 622, 60 N. W. 1000; *Grand Forks Lbr. Co. v. McClure Logging Co.*, 103 Minn. 471, 115 N. W. 406; *Hetherington v. Firth*, 210 Mass. 8, 95 N. E. 961.)

The contract in this case does not come within the rule laid down even in those states most liberal in construing contracts severable so as to allow a recovery *pro tanto* for part performance, because:

1. Its essence is entirety. By its express terms full performance is a condition precedent to the deferred payments.

2. The acts of the lumber company in accepting and in paying in part for monthly deliveries of the logs could not be declared by the court a severance of the contract on its part, for in doing so it was complying with an express condition of the contract taken in its entirety, and was not a waiver by it of the condition precedent to deferred payments, to wit, full performance by the plaintiff.

By the terms of the contract plaintiff agreed to sell and deliver to defendant all the white pine timber then standing on his quarter section, and also at least one million feet of mixed logs on or before a fixed date. Therefore while the subject matter of the contract was capable of subdivision into lesser units, the above expressions of the contract are quite conclusive that such was not the intention of the parties. (*Shinn v. Bodine*, 60 Pa. St. 182, 100 Am. Dec. 560; 9 Cyc. 650; *Widman v. Gay*, 104 Wis. 277, 80 N. W. 450; *Mallory v. Mackaye*, 92 Fed. 749, 34 C. C. A. 653; *Easton v. Jones*, 193 Pa. St. 147, 44 Atl. 264; *Oldewurtel v. Bevan*, 117 Md. 645, 84 Atl. 66.)

McFarland & McFarland, for Respondent.

The policy of this court has been not to take a case from the jury if there is any evidence for the jury to consider. (*Adams v. Bunker Hill M. Co.*, 12 Ida. 651, 89 Pac. 624, 11 L. R. A., N. S., 844; *Calkins v. Blackwell Lbr. Co.*, 23 Ida. 128, 143, 129 Pac. 435.)

"A part performance or a defective performance of a condition precedent is generally not sufficient, but after one party has performed the contract in a substantial part, and the other party has accepted and had the benefit of the part performance, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability. In such case he must perform the contract on his part and must rely upon his claim for damages in respect of the defective performance." (9 Cyc. 645.) The contract involved in this action is a severable contract. (*Gomer v. McPhee,* 2 Colo. App 287, 31 Pac. 119.)

This being a severable contract, Huber is not required to sue upon a *quantum meruit* for any breach of contract by appellant, but he has a right to rely upon any want or lack of performance by appellant. (*Presbyterian Church v. Hoopes A. S. C. & P. Co.,* 66 Md. 598, 8 Atl. 752; *Abbott v. Wyse,* 15 Conn. 254; *Andre v. Hardin,* 32 Mich. 324; *Todd v. Huntington,* 13 Or. 9, 4 Pac. 295; *Merrow v. Huntoon,* 25 Vt. 9; *Baltimore & O. R. Co. v. Lafferty,* 2 W. Va. 104; *Woodford v. Kelley,* 18 S. D. 615, 101 N. W. 1069; *Front St. M. & O. R. Co. v. Butler,* 50 Cal. 574; *Foeller v. Heintz,* 137 Wis. 169, 118 N. W. 543, 24 L. R. A., N. S., 327; *McDonough v. Evans Marble Co.,* 112 Fed. 634, 50 C. C. A. 403.)

MORGAN, J.—This appeal was heard at the December, 1914, term and an opinion was rendered. A petition for rehearing was granted, the case was reargued and again submitted for decision.

The action was brought to recover $2,619.77 alleged to be the balance due from appellant to respondent for sawlogs sold and delivered by respondent to appellant under a written contract, which is, in part, as follows:

"(1) The party of the first part agrees to sell and deliver to the party of the second part all the merchantable white pine timber now standing on the above-described land; and at least one million (1,000,000) feet of red fir, tamarack, white fir and cedar logs from the lands of the party of the first part and to deliver the same to the party of the second part decked

on camp 4 spur of the Coeur d'Alene & Southern railroad in section twenty-three (23), township forty-nine (49) north, range five (5) W., and to sell the same unto the party of the second part at and for the following prices, to wit:

| | |
|---|---|
| White pine ..............$8.50 | per thousand feet |
| Red fir .................. 4.50 | per thousand feet |
| Tamarack ............ ...... 4.50 | per thousand feet |
| Cedar ....... .......... 4.50 | per thousand feet |
| White fir ................ 4.50 | per thousand feet |

"And the party of the second part hereby agrees to buy and purchase the same at the prices above stated.

"(6) The party of the first part further agrees to complete this contract by cutting and decking and delivering along the said spur above mentioned all of the logs covered hereby on or before the 1st day of November, 1912.

"(7) It is further agreed by and between the parties that payment for said logs shall be made as follows:

"Four dollars ($4) per thousand feet on the 15th day of each month for all logs scaled the previous month. The balance due the party of the first part to be paid ninety-one (91) days after the completion of this contract.

"(10) The party of the first part agrees to deck the said logs on the said camp 4 spur of the railroad track as above provided, in good and workmanlike manner."

It is alleged in the amended complaint and admitted in the amended answer that respondent delivered to appellant 524,110 feet of white pine logs and 522,550 feet of mixed logs, consisting of red fir, tamarack, cedar and white fir, and that the appellant has paid to the respondent upon the logs so delivered the sum of $4.00 per thousand feet and no more. It is alleged by respondent and denied by appellant that there is now due and owing to respondent from appellant for said logs, in the aggregate, a balance of $2,619.77.

The appellant alleged and relied upon two counterclaims based upon respondent's failure to deliver a certain portion of the logs mentioned in the contract, and asked for an affirmative judgment against respondent in the sum of $3,435.23.

It appears from the transcript that during the month of October, 1912, respondent abandoned his contract, and he assigns as his reason for so doing that appellant violated the contract by failing to remove the logs which had been delivered and by permitting the rollways to become so congested as to prevent him from completing the delivery.

Camp 4 spur is a branch of a logging railroad and is a little more than a mile long in said sec. 23. Upon said spur is located a logging camp known as camp 4, where the rollways are situated upon which the logs were delivered. Said camp and rollways are the property of appellant and respondent was permitted to use said property in his logging operations. It appears that from some time in July until some time in August the engine, with which cars on said spur were moved, was broken, and hauling was suspended, and that thereby the rollways at camp 4 became congested with logs.

There is conflict in the evidence as to whether or not additional decking ground along said spur in sec. 23 could have been procured by respondent with reasonable expense. It is contended by respondent that appellant breached the contract by its failure to keep the rollways clear, and appellant contends that respondent breached the contract by his failure to deliver the full amount of the logs and that abundant ground was available along said spur in sec. 23 for decking purposes, and that it was respondent's duty, under the contract, to construct additional rollways and roads, if necessary, in order to make the delivery. It is clear that it was the duty of respondent to provide all means necessary to fulfill his contract and, since nothing therein contained provides to the contrary, it was his duty, if suitable ground therefor could be found along the spur within said section, to construct additional rollways and roads to them, if necessary, in order to complete the delivery. (See *Godkin v. Monahan,* 83 Fed. 116, 27 C. C. A. 410.)

In view of the issues framed and the verdict of the jury it seems to us to be immaterial whether his failure to complete his contract was due to the fault of respondent or whether he was prevented from completing it by appellant, for this ap-

pears to us to be a divisible contract under which respondent should be permitted to recover the price of the logs delivered less the amount of damage suffered by appellant by reason of respondent's failure to deliver those not delivered.

It is said in Benjamin on Sales, vol. 2, sec. 1032, as follows:

"If, on the other hand, the delivery is of a quantity less than that sold, it may be refused by the purchaser; and if the contract be for a special quantity to be delivered in parcels from time to time, the purchaser may return the parcels first received, if the later deliveries be not made, for the contract is not performed by the vendor's delivery of less than the whole quantity sold. But the buyer is bound to pay for any part that he accepts; and after the time for delivery has elapsed, he must either return or pay for the part received, and cannot insist on retaining it without payment, until the vendor makes delivery of the rest."

Mr. Justice Richmond in case of *Gomer v. McPhee,* 2 Colo. App. 287, 31 Pac. 119, quoting from *Richards v. Shaw,* 67 Ill, 222, said:

"It is a rule, supported by a very respectable weight of modern authority, that if the vendee of a specific quantity of goods sold under an entire contract receive a part thereof, and retain it after the vendor has refused to deliver the residue, this is a severance of the entirety of the contract, and the vendee becomes liable to the vendor for the price of such part. But he may reduce the vendor's claim by showing that he has sustained damage by the vendor's failure to fulfill his contract." The court further remarks that "although this rule may be a relaxation of the earlier and more generally received doctrine, that the entire performance, on the part of the vendor, of such a contract as the one in question, is a condition precedent to the payment of price, and the maintenance of an action for its recovery, the rule seems to be a fair and just one, and we are disposed to give it our acquiescence."

The true rule is clearly stated in case of *Saunders v. Short,* 86 Fed. 225, 30 C. C. A. 462, as follows:

"The modern American rule seems to be that a party who has failed to perform in full his contract for the sale and delivery of personal property may recover compensation for the part actually delivered and received thereunder, less the damages occasioned by his failure to make the complete delivery."

In the case of *McDonough v. Evans Marble Co.*, 112 Fed. 634, 50 C. C. A. 403, it is said:

"The requests to charge presented by the plaintiff, and refused by the court below, were based on the theory that, the contract being entire, no recovery could be had for the tile delivered, accepted and placed in the building, unless the delivery of the balance covered by the contract had been waived or prevented by the defendant. These requests are based on the cases which hold that nothing can be recovered for part performance of an entire contract unless full performance has been waived or prevented, which cases are collected in note 19 to section 1032, 2 Benj. Sales, where the more modern rule laid down in *Britton v. Turner*, 6 N. H. 481, 26 Am. Dec. 713, and followed by the great weight of authority in this country since, is also discussed and approved. This rule is that a party who has failed to perform his contract in full may recover compensation for the part performed less the damage occasioned by his failure. The contract here was for the sale and delivery of tile, of which 19,752.5 feet were delivered and accepted, and the plaintiff was entitled to payment for the tile actually received and appropriated by the defendant, less the damages occasioned by his failure to deliver the balance.
. . . .

"There was no proof of damages sustained by failure of plaintiff to deliver the remainder of the tile, and the instruction of the court to render a verdict for the tile delivered, less the amount found to be defective, was correct, and the judgment is affirmed."

See, also, 6 R. C. L. 983, sec. 351; *Goodwin v. Merrill*, 13 Wis. 658; *Easton v. Jones*, 193 Pa. St. 147, 44 Atl. 264; *Gill v. Johnstown Lumber Co.*, 151 Pa. St. 534, 25 Atl. 120.

Appellant elected to retain the logs delivered and to rely upon its right to recover damages against respondent for fail-

ure to fully perform his contract. Evidence was offered in support of the counterclaims and the jury, by its verdict, found no damages had been suffered and awarded to respondent a verdict for the balance due for the logs delivered according to the contract.

We find reversible error in the record and the judgment is accordingly affirmed. Costs are awarded to the respondent.

Budge, J., concurs.

SULLIVAN, C. J., Dissenting.—I am unable to concur in the conclusion reached by my associates. The action was brought upon the theory of, and the complaint alleged, a breach of the contract on the part of the appellant, the lumber company, and under the terms of the contract there was no breach shown on the part of the lumber company.

It was alleged in the complaint that the lumber company "verbally notified plaintiff to vacate and quit using said camp 4 spur." That allegation the evidence of the plaintiff himself shows is not true. On the petition for rehearing counsel for respondent for the first time contends that said contract is severable, and that an action might be maintained upon it by the plaintiff *pro tanto*. But this action was not brought nor prosecuted on that theory.

There is some conflict in the authorities as to what contracts are severable, some courts holding that where the subject matter is divisible and the terms of the contract do not show an intent to treat it as an entirety, and where by the terms of the contract monthly deliveries may be made, and the contract price for such deliveries by the terms of the contract become due upon receipt of the goods, then in the event of part performance, a recovery can be had upon the contract, *pro tanto,* without delivery of the full amount of property contracted for. And some courts hold that where a specific amount is named in the contract, regardless of the terms of payment for the deliveries so made, the contract is not severable, while in some states it is held that such contracts should

be construed as severable where payments become due on delivery and that a recovery *pro tanto* may be had.

I do not think the contract in this case comes within the rule laid down in those states most liberal in construing contracts as severable so as to allow a recovery *pro tanto*. The very essence of this contract is entirety. By its express terms full performance is a condition precedent to have the deferred payments made,—in order to become entitled to the deferred payments. The acts of the lumber company in accepting and paying in part for monthly deliveries of logs and retaining part until the full amount of timber is delivered ought not to be declared a severance of the contract, for in doing as it did the lumber company was simply complying with an express condition of the contract taken in its entirety, and that was not a waiver by it of the condition precedent as to deferred payments, to wit, the full performance by the plaintiff before such payments became due.

In *Shinn v. Bodine*, 60 Pa. St. 182, 100 Am. Dec. 560, the court said:

"The entirety of a contract depends upon the intention of the parties and not on the divisibility of the subject. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract, when that is shown."

See, also, 3 Page on Contracts, sec. 1485; 9 Cyc. 650, and authorities there cited.

The claim to recover *pro tanto* where advancements have been made, as in the case at bar, but the balance which is sought to be recovered is by the contract payable after complete performance, has been determined adversely by the Maryland court in a very important decision rendered since the article in Cyc. by Judge Lawson was written. (See *Oldewurtel v. Bevan*, 117 Md. 645, 84 Atl. 66.)

Counsel for respondent, before bringing this action, evidently conceived that it was necessary to show a breach of said contract on the part of the lumber company and brought action on that theory, and on rehearing he contends that the contract is severable, when under the express provisions of

the contract the plaintiff agreed "to complete this contract by cutting, decking and delivering along said spur above mentioned all of the logs covered hereby, on or before the first day of November, 1912." And by paragraph 7 of said contract the payment for the logs was to be made as follows: "It is further agreed by and between the parties that the payment for said logs shall be made as follows: Four dollars ($4.00) per thousand feet on the 15th day of each month for all logs scaled the previous month. The balance due the party of the first part to be paid ninety-one (91) days after the completion of this contract." The contract price for the white pine was $8.50 per thousand feet, and for the other kinds of lumber, $4.50 per thousand feet. It will thus be seen that the sum to be retained until the contract was completed was $4.50 per thousand feet on the white pine and 50¢ per thousand feet on the other kinds of lumber, and the part retained did not become due until ninety-one days after the completion of the contract.

Under such a contract, to hold that a party may abandon the contract and recover the balance of the purchase price retained and not yet due, would be holding out or offering an inducement to a contractor to violate or abandon his contract whenever he concluded he could make money by doing so, with the understanding that the other party to the contract could only recover in any event the actual damage sustained by him by reason of such violation. Such a rule, it seems to me, places a premium on the violation of contracts, since under it the party injured could only recover the actual amount of his loss by reason of such violation and would be required to incur expensive litigation to recover that which would perhaps in the end result in a loss to him who has kept his contract.

Said contract is not severable, and as I view it, the plaintiff is not entitled to recover the part of the purchase price for the logs already delivered that was to be retained and not paid until the contract was completed.

The judgment ought to be reversed.