(June 16, 1917.)

## AARON ANDERSON, Respondent, v. COUNCIL LUMBER COMPANY, a Corporation, Appellant.

[165 Pac. 1124.]

LOGGING CONTRACT—CONFLICT IN EVIDENCE CONCERNING PERFORMANCE QUESTION OF FACT FOR JURY—SUBSTANTIAL COMPLIANCE.

1. The question of the number of logs delivered under an oral contract is a question of fact for the jury to determine under all of the facts and circumstances in evidence.

2. *Held,* that the jury were justified under the evidence in this case in finding that respondent substantially complied with his part of the contract.

3. A party who has failed to perform in full his part of a contract to deliver logs may recover compensation for the logs actually delivered according to the contract price, less damages, if any, occasioned by his failure to fully complete the contract.

[As to entirety of contracts and when complete performance is essential to cause of action *ex contractu,* see note in 59 Am. St. 277.]

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Ed. L. Bryan, Judge.

Action on contract. Judgment for plaintiff. *Affirmed.*

James A. Stinson, for Appellant.

No time being named when respondent was to be paid, it must be taken, as a matter of law, that he was to be paid when he had fully completed his contract and not before. (*Waite v. C. E. Shoemaker & Co.*, 50 Mont. 264, 146 Pac. 736.)

Respondent thus brings himself and his action clearly within the provisions of sec. 4212, Rev. Codes.

The theory of respondent's pleading and proof on the trial, was that of action upon an express contract, claiming the performance of conditions precedent thereunder, and on the trial he utterly failed to prove performance of such conditions, but in fact proved the contrary. He failed to support the allegations of his complaint and the trial court should have sustained appellant's motion for judgment of nonsuit and it was reversible error to deny such motion. (*Hannan v. Greenfield*, 36 Or. 97, 58 Pac. 888; *Young v. Stickney*, 46 Or. 101, 79 Pac. 345.)

Appellant relied solely for its defense in this action upon the fact that the respondent had not completed his contract with the appellant, and under the pleading and theory of respondent, appellant had full right to rely upon said defense. (*First Baptist Church v. Sigwald*, 39 Kan. 387, 18 Pac. 289; *Richardson v. Investment Co.*, 66 Or. 353, 133 Pac. 773; *Long Creek Building Assn. v. State Ins. Co.*, 29 Or. 569, 46 Pac 366; *Morris v. Hokosona*, 26 Colo. App. 251, 143 Pac. 826.)

L. L. Burtenshaw, for Respondent.

"A party who has failed to perform his contract in full to deliver logs may recover compensation for the logs delivered according to the contract price, less damages occasioned by his failure to complete the contract." (*Huber v. Blackwell Lbr. Co.*, 27 Ida. 373, 148 Pac. 903; *McDonough v. Evans Marble Co.*, 112 Fed. 634, 50 C. C. A. 403, 6 R. C. L. 983; *Goodwin v. Merrill*, 13 Wis. 658; *Easton v. Jones*, 193 Pa. 147, 44 Atl. 264; *Gill v. Johnstown Lbr. Co.*, 151 Pa. 534, 25 Atl. 120.)

A substantial compliance is all that is required from one who contracts with another, and the question as to whether a contract has been substantially performed is generally one of fact. (*Pitcairn v. Philip Hiss Co.,* 113 Fed. 492, 51 C. C. A. 323; *Elizabeth v. Fitzgerald,* 114 Fed. 547, 52 C. C. A. 321; *Fitzgerald v. La Porte,* 64 Ark. 34, 40 S. W. 261; *West v. Suda,* 69 Conn. 60, 33 Atl. 1015; *Bauer v. Hindley,* 222 Ill. 319, 78 N. E. 626; *Loh v. Broadway Realty Co.,* 77 N. J. L. 112, 71 Atl. 112; *Johnson v. De Peyster,* 50 N. Y. 666; *Philip v. Gallant,* 62 N. Y. 256; *Woodward v. Fuller,* 80 N. Y. 312; *Nolan v. Whitney,* 88 N. Y. 648; *Foeller v. Heintz,* 137 Wis. 169, 118 N. W. 543, 24 L. R. A., N. S., 350.)

Substantial performance is performance except as to unsubstantial omissions, with compensation therefor. (*Spence v. Ham,* 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; *Peterson v. Pusey,* 237 Ill. 204, 86 N. E. 692; *Harlan v. Stufflebeam,* 87 Cal. 508, 25 Pac. 686; *City of St. Charles v. Stockey,* 154 Fed. 772, 85 C. C. A. 494.)

BUDGE, C. J.—This is an action brought by the respondent against the appellant, upon an oral contract, to recover a balance of $387.68, alleged to be due respondent thereunder. There were several causes of action pleaded in the complaint but the only one at issue here is the first cause of action, involving the contract above mentioned, the other causes of action having been waived by the respondent.

It appears that respondent agreed to cut and haul a certain quantity of sawlogs for appellant "the amount of logs to be the amount of timber purchased by the said defendant from the United States Government," and to pile the brush. Appellant agreed to pay respondent therefor at the rate of three dollars per thousand feet, board measure. The case was tried before the court and a jury, the jury returned a verdict in favor of respondent for $300, and judgment was entered thereon for respondent. This appeal is from the judgment and from the order of the trial court overruling appellant's motion for a new trial. There are several assign-

ments of error which we do not deem necessary to set out *in haec verba.*

The point mainly relied upon by appellant is, that respondent having agreed to cut and haul all of the timber, and having pleaded a complete performance on his part, and the evidence, as appellant contends, failing to show a complete performance on the part of respondent, appellant was entitled to a directed verdict. It is admitted by appellant that respondent "would have coming to him, under said agreement, the amount claimed, to wit, the sum of $387.68, if he had completed his agreement as alleged and agreed upon."

There is some conflict in the evidence as to just where the logs were to be hauled or delivered, and some conflict as to the number of logs which were not delivered. The evidence on the part of respondent is to the effect that all of the logs were properly delivered with the exception of three logs, aggregating a total of about 240 feet, board measure. All of the evidence shows that approximately 700,000 feet of logs were hauled and delivered by respondent under the contract. The evidence on the part of appellant is to the effect that some 15 or 18 logs were not delivered by respondent. The number of logs not delivered was a question for the jury to determine under all of the facts and circumstances in evidence. The jury were justified, under the evidence, in finding, as they must have done in order to have returned the verdict which they did return, a substantial compliance on the part of respondent.

This court held in *Huber v. Blackwell Lumber Co.*, 27 Ida. 373, 148 Pac. 903, that, "A party who has failed to perform his contract in full to deliver logs may recover compensation for the logs delivered according to the contract price, less damages occasioned by his failure to complete the contract." The questions involved in the case at bar are strictly analogous to those before the court in the Huber case, wherein the authorities are reviewed at length and the rule above quoted announced, quoting with approval from *Saunders v. Short,* 86 Fed. 225, 30 C. C. A. 462. It is unnecessary in this opin-

ion to again review the authorities which support the principle announced in the Huber case. While the subject matter involved in the Huber case was the sale and delivery of personal property, and the subject matter of the contract here is that of employment for the performance of certain services, yet the principles involved are precisely the same. (*Turner v. Goodman*, 90 Ill. App. 339; *Buckwalter v. Bradley*, 31 Ky. Law Rep. 177, 104 S. W. 970.)

We have reached the conclusion, after a careful examination of the record and briefs of counsel, that there is no reversible error in the record, and the judgment is accordingly affirmed. Costs are awarded to respondent.

Morgan and Rice, JJ., concur.