(December 28, 1917.)

## J. B. THOMPSON, Respondent, *v.* J. F. COX, Doing Business as COX BROTHERS, and the B. J. CARNEY COMPANY, Appellants.

[169 Pac. 929.]

CONTRACT—DAMAGES—COUNTERCLAIM.

1. Where no breach of contract is shown on the part of one of the parties thereto, there is no basis for a counterclaim for damages accruing to the other party under said contract by reason of being compelled to complete the same.

[As to scope and office of counterclaim under the code, see note in 89 Am. Dec. 482.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to foreclose lien. Judgment for plaintiff. *Affirmed.*

Black & Wernette, for Appellants, cite no authorities.

Reed & Boughton, for Respondent.

Where there is evidence to support the finding of the court and the judgment, the judgment will not be reversed. (*Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073.)

Where there is substantial evidence supporting the findings and judgment, the judgment will be affirmed. (*Morris-Roberts Co. v. Mariner*, 24 Ida. 788, 135 Pac. 1166.)

RICE, J.—This is an appeal from a judgment foreclosing a lien upon certain cedar poles and piling, for labor in loading, sorting and yarding the same, and from an order overruling appellants' motion for a new trial.

As an affirmative defense, and by way of counterclaim, the appellants alleged that by the contract upon which the judgment was founded the respondent agreed to remove from cars at the yards of appellants, and pile, sort and reload all cars of cedar poles and piling delivered to appellants for the season of 1914; that respondent voluntarily abandoned the said contract on or about the 25th day of July of the said year, and it became necessary for the appellants to carry out and perform the terms of the said contract and to complete the same, and that on account of the failure of the respondent to carry out the said contract in accordance with the terms, and by reason of his abandonment thereof appellants had been damaged in an amount in excess of that claimed by respondent to be due him.

The court found, however, that the amount of poles to be handled, or the time during which respondent was to work, was not agreed upon, and there is substantial evidence to support the finding of the court. In view of this finding, no breach of the contract by the respondent was shown, and there was no basis for appellants' alleged counterclaim. Respondent was entitled to recover for the work done by him. The rule announced in *Huber v. Blackwell Lumber Co.*, 27 Ida. 373, 148 Pac. 903, does not apply in this case.

The motion for a new trial was urged upon the ground of newly discovered evidence. The evidence, however, would be material only in establishing appellants' counterclaim. The motion was properly denied.

The judgment is affirmed. Costs awarded to the respondent.

Budge, C. J., and Morgan, J., concur.