## Lesh Lumber Company *v.* Aberdeen Lumber Company, Appellant.

*Contracts—Executory contracts—Construction.*

Where a contract of sale provided that twenty-five cars of lumber should be shipped by December 1, 1917, and only one car was shipped before that date and but two cars were shipped thereafter, the case is for the jury to determine whether or not the failure of the vendee to pay for the cars which were delivered constituted such rescission of the contract as excused the vendor from further delivery.

Where evidence was submitted in the form of letters that the vendee had extended the time of performance, the submission of such evidence to the jury did not prejudice the defendant's case, when the result reached by the jury was the same which the trial judge must have directed.

Where there is a dispute as to the credit to be allowed for defective material, and evidence is submitted on the part of the plaintiff in support of its allegations, and no evidence is submitted on the part of the defendant to support the allegations made in the affidavit of defense, the question is for the jury and a verdict for the plaintiff will be sustained.

Argued April 30, 1920. Appeal, No. 98, April T., 1920, by defendant, from judgment of C. P. Allegheny County, January T., 1920, No. 1405, refusing to allow an appeal from judgment of the county court in the case of Henry H. Lesh Lumber Company v. Aberdeen Lumber Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for appeal from judgment of the county court. Before STONE, J.

14 LESH LUMBER CO. *v.* ABERDEEN L. CO., Appel.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $498.62 and judgment thereon. The defendant then presented a petition to allow an appeal.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the order of the court.

*R. B. Ivory,* for appellant.

*E. H. Wicks,* and with him *Morris, Walker* and *Boyle,* for appellee.

OPINION BY LINN, J., July 14, 1920:

We must affirm the order of the common pleas for reasons that will be obvious by a brief statement of the cause of action and the manner in which the issues were presented.

On April 6, 1917, plaintiff sold to defendant twenty-five cars of lumber of plaintiff's manufacture to be shipped as directed "complete shipment to be made by December 31, 1917, first shipment to go forward in three to four months from date"; payment to be made "80 per cent upon receipt of shipping documents, balance upon receipt of lumber at destination......" Only one car was shipped prior to December 31, 1917, and it was duly paid for. Later two cars were shipped, on March 18, 1918, and April 10, 1918, respectively. Defendant refused to pay for them, whereupon plaintiff brought this suit to recover the price, $510.40. Defendant claimed to receive the two cars as a credit on its claim against plaintiff for damages for nonshipment of twenty-five cars on or before December 31, 1917, and counterclaimed for $1,420, which credited plaintiff with $125.99 for alleged deficit in quantity and defect in quality of the lumber on the two cars. Plaintiff asserted that on

defendant's default in payment of the two cars, it rescinded and was excused from further delivery: Rugg v. Moore, 110 Pa. 236; Easton v. Jones, 193 Pa. 147. The court submitted these issues to the jury, who rendered a verdict for the plaintiff of $498.62, on which judgment was entered. Defendant applied to the common pleas for leave to appeal to that court and in the application stated these two reasons why the appeal should be allowed: "The errors complained of the court below were in submitting to the jury by the correspondence in evidence, whether or not there was an extension of the time of performance of the contract on the part of the defendant, and further in submitting to the jury the amount of credits which the plaintiff testified should be allowed in the face of its own letters admitting the larger credit."

1. To support the first complaint it is said that the trial judge should have made the inference of fact from the correspondence in evidence instead of permitting the jury to make it. Defendant called no witnesses but offered some letters and parts of the pleadings not denied, among which was the following from its affidavit of defense: "Defendant by letters dated......January 16, 1918; February 8, 16 and 25, 1918; April 1 and 12, 1918; May 1 and 11, 1918; June 17 and 29, 1918, and July 11 and August 12, 1918, consistently and continually urged the plaintiff to keep his contract......" The learned judge who considered the matter in the common pleas held in disposing of the first complaint, that a retrial as to that fact was unnecessary even if appellant's contention were sound, as the result reached by the jury was what the trial judge must have directed; we agree with that conclusion.

2. On the second complaint he held that as plaintiff offered oral evidence that the proper credit on the two cars for deficit in quantity and defect in quality was $40 and since that oral evidence qualified what was stated in plaintiff's correspondence about the allowances which it

would make because thereof, the court was required to submit that evidence to the jury and that it was properly submitted.    We also agree with that conclusion and observe that no exception was taken to the manner in which the evidence on this subject was submitted.

The order is affirmed.