# Fifer *v.* King, Appellant.

*Sales—Offer and acceptance—Counter offer—Counter acceptance—Meeting of minds.*

A sale of lumber was negotiated through a broker, wherein defendant ordered two cars of lath, containing not over 210,000 pieces. The plaintiff replied that he had entered the order for two cars of laths, but could not guarantee the amount shipped and asked for quick advices if this was not satisfactory. The plaintiff shipped the two cars, the first containing 100,000 lath and the second containing 122,500 lath. Notice of the shipments and invoices were promptly sent defendants, so that when the cars arrived he was aware of the quantity in each. He accepted the second car and refused the first. Plaintiff subsequently entered suit to recover the value of the first shipment.

*Held:* That the plaintiff had not accepted the order as given, but had made what amounted to a counter proposal relating to two cars, which was not severable at the option of the defendant. Such coun-

ter proposal had to be accepted or rejected as made, as a whole, unless the plaintiff consented to a severance; and, in the absence of such consent, the receipt and acceptance by defendant of the part amounted to the acceptance of the plaintiff's proposal and created a contract based upon its terms. The defendant might have rejected the counter proposal and refused both cars, but he could not, without the consent of the plaintiff, accept the second without assuming liability for the first.

Argued April 27, 1926.   Appeal No. 96, April T., 1926, by defendant, from judgment of C. P. Allegheny County, October T., 1925, No. 740, in the case of Walter Robert Fifer, trading as Western Lumber Sales Company, v. Edward King, trading as A. King & Sons. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Petition to appeal from judgment of County court. Before Evans, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the petition. Defendant appealed.

*Error assigned* was the decree of the court.

*John M. Ralston,* and with him *F. W. Stonecipher,* for appellant.

*William Boyd Duff,* and with him *Edward F. Hays,* for appellee.

Opinion by Keller, J., July 8, 1926:

Defendant appeals from an order of the Court of Common Pleas of Allegheny County refusing to allow an appeal from the judgment of the County Court in an action of assumpsit.

The case grew out of the refusal of the defendant to accept and pay for a car of lath—forming part of a shipment of two cars—shipped by plaintiff to defendant following certain negotiations initiated by a broker

named Poole, acting on behalf of defendant. The case was tried without a jury, and the findings of the judge as to any disputed questions of fact must be given the force and effect of a verdict.

The defendant's order was for two cars containing not over 210,000 pieces. Had the plaintiff accepted it and shipped an excess quantity, the defendant might have rejected the entire shipment, or have accepted the goods included in the contract and rejected the rest: Sales Act of 1915, P. L. 543, sec. 44, par. 2. But the plaintiff did not accept the order as given. He replied that he had entered the order for two cars of lath, but could not guarantee amounts shipped as he must take what cars he could get, and asked for quick advices if this was not satisfactory. We agree with the defendant that this amounted to a counter proposal and not an acceptance of the order as given; but it was a counter proposal relating to two cars and was not severable at the option of the defendant. This is manifest from a provision in plaintiff's reply which permitted a cancellation of the second car if not shipped before freight advance. This clearly implies that if shipped before an advance in freight rates the proposal was not divisible and any contract based upon it was entire: Shinn v. Bodine, 60 Pa. 182, 185; Rugg & Bryan v. Moore, 110 Pa. 236; Easton v. Jones, 193 Pa. 147, 149; Producers Coke Co. v. Hillman, 243 Pa. 313, 315. The plaintiff shipped two cars. The first contained 100,000 lath; the second, shipped the following day, and before any freight advance, contained 122,500 lath. Notices of shipment and invoices were promptly sent defendant, so that when the cars arrived he was aware of the quantity in each. He accepted the second car and refused the first. We agree with the learned trial court that he had no right to do this. If, as defendant contends, plaintiff's reply was not an acceptance of the former's offer, but constituted a counter proposal, it had to be accepted or rejected as made

and as a whole, unless plaintiff consented to a severance; and, lacking such consent, the receipt and acceptance by defendant of part amounted to an acceptance of plaintiff's proposal and created a contract based upon its terms. The defendant might have rejected the counter proposal and refused both cars, but he could not, without the consent of the plaintiff, accept the second without assuming liability for the first: Tompkins v. Haas, 2 Pa. 74.

Poole was wholly without authority to give such consent. He was in no sense the agent or representative of the plaintiff. The fact that he was paid a sliding commission on the sale by the plaintiff did not make him a partner of plaintiff or give him such an interest in the contract as permitted him to vary or change it without plaintiff's approval.

The authorities cited by appellant are not in point because they all assume a contract for a definite quantity and a shipment by the seller in excess of the contract. There was no contract in this case until defendant, in effect, accepted plaintiff's counter proposal by receiving and accepting goods shipped under it.

The order is affirmed.